

FILED
JUN 1 1 2024
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| JOANN WRIGHT HAYSBERT,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>OUTBACK STEAKHOUSE<br>OF FLORIDA, LLC,<br><br>　Serve:<br>　Corporate Creations Network Inc.<br>　425 W. Washington St., Suite 4<br>　Suffolk, VA, 23434<br><br>and<br><br>BLOOMIN' BRANDS, INC.,<br><br>　Serve:<br>　Kelly Lefferts<br>　2202 N. West Shore Blvd., 5th Floor<br>　Tampa, FL 33607<br><br>　　　　　Defendants. | Case No.: 4:24cv87 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1.　Plaintiff JOANN WRIGHT HAYSBERT brings this complaint for negligence against Defendants OUTBACK STEAKHOUSE OF FLORIDA, LLC and BLOOMIN' BRANDS, INC. in relation to a "slip and fall" incident at the Outback Steakhouse located at 4312 Portsmouth Boulevard in Chesapeake, Virginia (the "Chesapeake Outback").

## PARTIES

2. Plaintiff JoAnn Wright Haysbert ("Dr. Haysbert") is a citizen of the Commonwealth of Virginia and resident of Hampton, Virginia.

3. Defendant Outback Steakhouse of Florida, LLC is a limited liability company organized under the laws of Delaware and having its principal place of business in Tampa, Florida. Outback Steakhouse of Florida, LLC owns and operates the Outback Steakhouse chain of restaurants, including the Chesapeake Outback. Outback Steakhouse of Florida, LLC is a wholly-owned subsidiary of Bloomin' Brands, Inc.

4. Defendant Bloomin' Brands, Inc. is a corporation organized under the laws of Delaware and having its principal place of business in Tampa, Florida. Bloomin' Brands, Inc. owns several restaurant chains, including Outback Steakhouse of Florida, LLC.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of parties and the amount in controversy exceeds $75,000.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in the Eastern District of Virginia.

7. Venue is proper in the Norfolk Division under Local Civil Rule 3(C) because a substantial part of the events giving rise to the claim occurred in the City of Chesapeake.

## FACTUAL ALLEGATIONS

8. On or about May 23, 2018, Dr. Haysbert entered the Chesapeake Outback to pick up dinner for herself and her daughter.

9. When Dr. Haysbert entered the lobby of the restaurant, she approached the host stand and asked an employee for directions to the restroom, to which the employee pointed her.

10. Dr. Haysbert took a couple of steps towards the restroom before slipping on the floor, hitting her head and entire left side of her body on the ground.

11. As a result of her fall, Dr. Haysbert was diagnosed with a traumatic brain injury and continues to suffer symptoms consistent with a traumatic brain injury to this day.

12. Defendants were on notice of the unsafe or dangerous condition of the Chesapeake Outback's floor prior to Dr. Haybert's slip and fall because they had been informed by a manager on or about March 7, 2018 that the floor tended to collect moisture when the temperature outside changed and therefore needed to be replaced.

13. Defendants did not post a sign or otherwise attempt to warn Dr. Haysbert about the condition of the floor.

14. On or about June 29, 2020, Dr. Haysbert filed an action for negligence against Defendants in the Circuit Court for the City of Hampton. This filing was timely due to the Judicial Emergency in Response to the COVID-19 Emergency declared by the Supreme Court of Virginia.

15. On July 31, 2020, Defendants removed the action to the U.S. District Court for the Eastern District of Virginia, Newport News Division, pursuant to 28 U.S.C. §§ 1441, 1446.

16. On December 18, 2023, Dr. Haysbert moved to voluntarily dismiss the action pursuant to Federal Rule of Civil Procedure 41(a)(2).

17. By order dated January 11, 2024, the Court granted Dr. Haysbert's motion in part and dismissed the case without prejudice, subject to the following conditions:

   i. If Plaintiff chooses to refile this case, she must refile it in the Eastern District of Virginia;

3

  ii. If Plaintiff chooses to refile this case, the parties may not engage in additional discovery, and any discovery taken in the instant case may be used in the refiled case. The parties are therefore limited, for example, to the expert designations, reports, and opinions; witnesses; and exhibits disclosed in the instant case;

  iii. If the case is refiled, all existing pretrial determinations will be maintained. In other words, if the case is refiled, it will be procedurally in the same position as the instant case;

  iv. Plaintiff may not file previously withdrawn claims for past or future medical specials, a life care plan, or claims for lost earning capacity or future lost wages;

  v. To the extent that any designated expert witnesses were previously withdrawn, those expert witnesses will remain withdrawn.

18. On February 1, 2024, Dr. Haysbert filed a motion for clarification and reconsideration of the Court's order.

19. By order dated April 19, 2024, the Court granted Dr. Haysbert's motion for clarification and reconsideration in part, as follows:

  i. Clarified that "should the case be refiled, this condition [that if the case is refiled, all existing pretrial determinations will be maintained] does not restrict the parties from submitting any pretrial motions or filings that were due on December 18, 2023, as specified in the Court's Scheduling and Pretrial Order, ECF No. 339."

  ii. Removed condition (v) that "[t]o the extent that any designated expert witnesses were previously withdrawn, those expert witnesses will remain withdrawn."

20. Under Virginia Code § 8.01-229(E)(3), when a plaintiff suffers a voluntary nonsuit (including a voluntary dismissal under Fed. R. Civ. P. 41, *see Scoggins v. Douglas*, 760 F.2d

535, 538 (4th Cir. 1985)), the statute of limitations applicable to that action is tolled from the commencement of the action and the plaintiff may recommence her action within six months from the date of the order entered by the court or within the original period of limitation, whichever is longer.

## COUNT ONE
## NEGLIGENCE

21. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 20, as if fully set forth herein.

22. On May 23, 2018, the floor at the Chesapeake Outback was not in a reasonably safe condition.

23. Dr. Haysbert was directed towards a slippery area of the floor by a Chesapeake Outback employee, who did not give Dr. Haysbert any warning about the condition of the floor.

24. Defendants, together with their agents and employees, owed their customers and other invitees, such Dr. Haysbert, a duty of care, including:

   i. to use ordinary care to have the premises, including the floors, in reasonably safe condition for invitees' use;

   ii. to use ordinary care to warn an invitee of any unsafe condition about which the occupant knows, or by the use of ordinary care should know, unless the unsafe condition is open and obvious to a person using ordinary care for his own safety; and

   iii. to use ordinary care to remove any foreign substance from the floor if the foreign substance creates an unsafe condition, within a reasonable time after they knew or should have known it was there, regardless of how it got there.

25. Defendants, together with their agents and employees, knew, or through the use of ordinary care should have known, of the unsafe condition of the floor.

26. Defendants, together with their agents and employees, did not take any measures—such as installing carpeting, nonslip floor coverings, or railings--to prevent customers from slipping on the floor.

27. Defendants, together with their agents and employees, did not take any measures to warn customers about the dangerous condition of the floor.

28. Measures to prevent customers from slipping or to warn customers about the condition of the floor would have cost Defendants very little, while effectively preventing customers from slipping and falling on the premises.

29. The unsafe condition of the floor was not open and obvious to a person using ordinary care for their own safety.

30. As a direct, proximate, and foreseeable result of the negligence of Defendants, its agents and employees, Dr. Haysbert slipped and fell, thereby injuring herself.

31. Defendants are liable for injuries that are proximately caused by their own negligence, as well as from the negligence of their agents and employees acting within the scope of their agency or employment.

32. Dr. Haysbert was not contributorily negligent.

## PRAYER FOR RELIEF

WHEREFORE, in consideration of the foregoing, Plaintiff JoAnn Wright Haysbert respectfully prays the Court to enter judgment against Defendants and award the following relief:

a. Damages for past, present, and future pain and suffering proximately resulting from the negligence of each Defendant in such amount greater than $75,000 as may be established at trial;

b. Costs incurred in pursuing this action;

c. Such additional and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38 and Local Civil Rule 38, Plaintiff demands a trial by jury on all issues.

Respectfully submitted,

DATED:  June 11, 2024

JOANN WRIGHT HAYSBERT
*Plaintiff* pro se
244 William R. Harvey Way
Hampton, VA 23669
Tel: (757) 913-9114

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
_____Norfolk_____DIVISION

JOANN WRIGHT HAYSBERT
_____
Plaintiff(s),

v.

OUTBACK STEAKHOUSE OF FLORIDA, LLC
_____
Defendant(s),

Civil Action Number: _____

## LOCAL RULE 83.1 (N) CERTIFICATION

I declare under penalty of perjury that:

No attorney has prepared or assisted in the preparation of _____.
(Title of Document)

_____
Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: _____ (Date)

**OR**

The following attorney(s) prepared or assisted me in preparation of COMPLAINT AND DEMAND FOR JURY TRIAL.
(Title of Document)

Mary T. Morgan
_____
(Name of Attorney)

4646 Princess Anne Road, Unit 104, Virginia Beach, VA 23462
_____
(Address of Attorney)

(757) 609-2702
_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document.

JoAnn Wright Haysbert
_____
(Name of *Pro Se* Party (Print or Type)

*[signature]*
Signature of *Pro Se* Party

Executed on: June 11, 2024 (Date)