IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| JOANN WRIGHT HAYSBERT )<br>    Plaintiff, )<br>v. )<br>)<br>BLOOMIN' BRANDS, INC., )<br>and )<br>OUTBACK STEAKHOUSE OF )<br>FLORIDA, LLC, )<br>    Defendants. ) | Case No.: 4:24-cv-87 |

### MEMORANDUM OF LAW IN SUPPORT OF
### MOTION TO DISMISS BY BLOOMIN' BRANDS, INC.

COMES NOW the defendant, Bloomin' Brands, Inc., and moves this court to dismiss this matter with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) and hereby submits their Memorandum of Law in support of their motion as follows:

### I. INTRODUCTION

This case has a long history of extensive litigation, motions practice and a trial. Notwithstanding the long history of this case, the plaintiff makes no meaningful allegations regarding the defendant, Bloomin' Brands, Inc. Bloomin' Brands, Inc. should not be required to remain a party on this ongoing, lengthy litigation. The allegations of this Complaint fail to state any factual basis why Bloomin' Brands, Inc. should be a defendant in this case. The court should summarily dismiss Bloomin' Brands, Inc.

### II. FACTS

This is a refiled action following a voluntary motion to dismiss. The case was previously tried and resulted in a mistrial due to the misconduct of counsel for the plaintiff. There were

hundreds of previous motions and proceedings in the U.S. District Court in the prior case. Notwithstanding that this is a run-of-the-mill slip-and-fall case, the matter was extensively litigated. In the refiled action after the mistrial and after the plaintiff pro se was granted leave to take a dismissal without prejudice, this case has now been refiled. Bloomin' Brands, Inc. is mentioned once, in paragraph 4, where the Complaint states:

> 4. Defendant, Bloomin' Brands, Inc. is a corporation organized under the laws of Delaware and having its principal place of business in Tampa, Florida. Bloomin' Brands, Inc. owns several restaurant chains, including Outback Steakhouse of Florida, LLC.

There are no other specific allegations regarding Bloomin' Brands, Inc.. Instead, paragraph 3 of the Complaint states that Outback Steakhouse of Florida, LLC owns and operates the Outback Steakhouse chain of restaurants, including the Chesapeake Outback where this incident occurred. Those facts confirm that Outback Steakhouse of Florida, LLC is the proper party for this slip-and-fall action. They owned and operated the subject restaurant. Beyond those two specific allegations, plaintiff's Complaint lumps the two defendants together, without any specific allegations that are sufficient to maintain this cause of action against Bloomin' Brands, Inc.

### III. LAW AND ARGUMENT

#### A. Standard of Review

The court, "in deciding a Rule 12(b)(6) motion, must take all well-pleaded material allegations of a complaint as admitted and review them in the light most favorable to the plaintiff." DeSole v. United States, 947 F. 2d 1169, 1171 (4th Cir. 1991). "[L]egal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled

2

facts for Rule 12(b)(6) purposed." Nemet Chevrolet, Ltd v. Consumeraffairs. com, Inc., 591 F. 3d 250, 255 (4th Cir. 2009). Under the standard established by Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), compliance with Fed. R. Civ. P. 8(a)(2) requires more than "labels and conclusions," and a complaint must "state a claim to relief that is plausible on its face." Id. Facts that are merely consistent with a defendant's liability are insufficient to state a plausible claim. Id.

In order to survive a Motion to Dismiss, the "factual allegations must be enough to raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible on its face." Phillips v. Pitt County Mem. Hosp., 572 F. 3d at 180 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). It is the court's obligation to "determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level." Monroe v. City of Charlottesville, 579 F. 3d 380, 386 (4th Cir. 2009) (quoting Andrew v. Clark, 561 F. 3d 261, 266 (4th Cir. 2009)) (internal quotation marks omitted).

In Twombly, the Court rejected the prior rule, set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." The Court stated that Conley's "no set of facts" standard had "earned its retirement" and the "phrase is best forgotten as an incomplete negative gloss on an accepted pleading standard." Twombly, 550 U.S. at 563. Instead, the Twombly court stated that Fed. R. Civ. P. 8 requires a greater showing - a complaint must present enough facts to state an entitlement to relief that is "plausible" on its face. Id. At 570.

### B. Plaintiff's Allegations are Insufficient Regarding Bloomin' Brands, Inc.

In this case, plaintiff does not offer sufficient facts to implicate Bloomin' Brands, Inc. beyond

3

speculation. There is no evidence that Bloomin' Brands controls, operates or otherwise has any involvement in the daily operations of the restaurant owned by Outback Steakhouse of Florida, Inc. Notwithstanding the extensive history of this case, extensive discovery and trial, plaintiff has developed no evidence that survives a Rule 12(b)(6) Motion to keep Bloomin' Brands, Inc. a party in this matter.

Outback Steakhouse of Florida, LLC does not dispute that it owns and operates the subject restaurant. Consequently, keeping Bloomin' Brands, Inc. in this case does not in any way harm the pro se plaintiff and her ability to pursue this case.

The court should consider the cursory allegations in the Complaint, refuse any request to amend this Complaint, and dismiss the Complaint against Bloomin' Brands, Inc.

WHEREFORE, the foregoing considered, Bloomin' Brands, Inc. moves this court to sustain its Motion to Dismiss and dismiss Bloomin' Brands, Inc. from this proceeding.

                                             **BLOOMIN' BRANDS, INC.**
                                             By Counsel

/s/ John D. McGavin
John D. McGavin, VSB 21794
MCGAVIN, BOYCE, BARDOT, THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
Telephone:   (703) 385-1000
Facsimile:   (703) 385-1555
jmcgavin@mbbtklaw.com
Counsel for Bloomin' Brands Inc.
and Outback Steakhouse of Florida, LLC

### CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2024 the following **Memorandum of Law in Support of Motion to Dismiss by Bloomin' Brands, Inc.** was efiled and emailed to:

Joann Wright Haysbert
244 William R. Harvey Way
Hampton, VA 23669
joannhaysbert@yahoo.com
Pro Se Plaintiff

                                                   /s/ John D. McGavin
                                                   John D. McGavin, VSB 21794

## ROSEBORO NOTICE

Pursuant to Local Civil Rule 7(K) and <u>Roseboro v. Garrison</u>, 528 F.2d309 (4th Cir. 1975), undersigned counsel advises Plaintiff of the following:

1. Plaintiff is entitled to file a response opposing the motion; any such response must be Filed within twenty-one (21) days of the date on which this Motion to Dismiss was filed;

2. The Court could dismiss the action on the basis of Defendant's moving papers if Plaintiff does not file a response;

3. Plaintiff must identify all facts stated by Defendants with which the Plaintiff Disagrees and must set forth the Plaintiff's version of the facts by offering affidavits (written Statements signed before a Notary Public and under oath) or by filing sworn statements (bearing a certificate that is signed under penalty of perjury); and

4. Plaintiff is also entitled to file a legal brief in opposition to the one filed by Defendants.