UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

JOANN WRIGHT HAYSBERT,

        Plaintiff,

v.                                              Civil Action No. 4:24cv87

OUTBACK STEAKHOUSE OF
FLORIDA, LLC, AND
BLOOMIN' BRANDS, INC.,

        Defendants.

## ORDER

Several motions are pending before the Court: Defendant Bloomin' Brands, Inc.'s Motion to Dismiss, Mot. to Dismiss, ECF No. 7, and Plaintiff's Motion for Leave to File an Amended Complaint, Mot., ECF No. 11. Plaintiff has also filed an Opposition to Defendant Bloomin' Brands, Inc.'s Motion to Dismiss. Resp., ECF No. 10.

On July 24, 2024, Defendant Bloomin' Brands, Inc. filed a Motion to Dismiss. ECF No. 7. Previously, in a prior iteration of this case, the Court granted Plaintiff's Motion for Voluntary Dismissal and dismissed the action without prejudice subject to a number of conditions. *Haysbert v. Bloomin' Brands, Inc., et al.*, No. 4:20-cv-121, Order at 1-2, ECF No. 357 (Jan. 11, 2024). One of these conditions specified that if the case was refiled, "all existing pretrial determinations will be maintained. In other words, if the case is refiled, it will be procedurally in the same position as the instant case." *Id.* at 2. Defendant Bloomin' Brands, Inc. was not dismissed from the original case prior to Plaintiff's voluntary dismissal[1] and its Motion to Dismiss, if granted, would place the

---

[1]     In fact, Defendant Bloomin' Brands, Inc. never moved to be dismissed from the original case, even though the Complaint in the instant case is substantially the same as the one previously

case in a different procedural posture than the previous case. *See id.* Thus, Defendant is ORDERED to SHOW CAUSE as to why its Motion to Dismiss, ECF No.7, should not be struck.[2]

In response to Defendant's Motion to Dismiss, *pro se* Plaintiff filed two documents with the Court: Plaintiff's Opposition to Defendant Bloomin' Brands, Inc.'s Motion to Dismiss, Resp., ECF No. 10, and a Motion for Leave to File an Amended Complaint, Mot., ECF No. 11. Pursuant to Rule 83.1(N) of the Local Civil Rules for the United States District Court for the Eastern District of Virginia, Plaintiff certified that both the Response and the Motion were prepared with the assistance of attorney Mary T. Morgan. *See* Resp. at 3; *see also* Mot. at 5. The Local Rule provides:

> Any attorney who prepares any document that is to be filed in this Court by a person who is known by the attorney . . . to be proceeding *pro se* shall be considered to have entered an appearance in the proceeding in which such document is filed and shall be subject to all rules that govern attorneys who have formally appeared in the proceeding.

E.D. Va. Loc. Civ. R. 83.1(N)(1).

The Court previously advised Plaintiff, and the attorney assisting her, of the requirements of Rule 83.1(N) and noted that "Plaintiff has twice submitted documents to the Court without the attorney entering an appearance, and Plaintiff and the assisting attorney are cautioned that future compliance with the rule is expected." *Haysbert v. Bloomin' Brands, Inc., et al.*, No. 4:20-cv-121, Order at 5 n.2, ECF No. 365 (Apr. 19, 2024). Despite this admonishment, Plaintiff has continued

---

filed. *Compare* Compl., ECF No. 1, *with Haysbert v. Bloomin' Brands, Inc., et al.*, No. 4:20-cv-121, Compl., ECF No. 1-1 (July 31, 2020).

[2]   "[A] district court has inherent power, in appropriate circumstances, 'to strike items from the docket'" for failure to follow the local rules or a court order. *See Thomas v. Meyer*, No. 1:21cv1428, 2023 WL 2088416, at *6 (E.D. Va. Feb. 17, 2023) (quoting *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010)); *see also Iota Xi Chapter of Sigma Chi Fraternity v. Patterson*, 566 F.3d 138, 150 (4th Cir. 2009) (holding that where a local rule did not specify a particular sanction for a party's noncompliance, "the court was entitled to rely on its inherent authority to fashion an appropriate sanction").

to file documents with the assistance of attorney Morgan, who has not entered an appearance in this matter. *See* Resp. at 3; *see also* Mot. at 5. The Court "considers it improper for lawyers to draft or assist in drafting complaints . . . on behalf of litigants designated as *pro se*." *Chaplin v. Du Pont Advance Fiber Sys.*, 303 F. Supp. 2d 766, 773 (E.D. Va. 2004) (citation omitted). Plaintiff and assisting attorney Morgan are ORDERED to SHOW CAUSE as to why Plaintiff's filings, ECF Nos. 10 and 11, should not be struck.

Responses to this Order shall be filed **no later than September 11, 2024.** The Clerk is directed to send a copy of this Order to all counsel of record, to mail a copy of this Order to *pro se* Plaintiff Joan Wright Haysbert at her address of record, and to forward a copy of this Order to Mary T. Morgan at her CM/ECF registered email address.

IT IS SO ORDERED.

/s/
Elizabeth W. Hanes
United States District Judge

Newport News, Virginia
Date: August 28, 2024

3