UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*Newport News Division*

JOANN WRIGHT HAYSBERT,

        **Plaintiff,**

v.                                        Civil Action No.: 4:24-CV-87

**OUTBACK STEAKHOUSE OF
FLORIDA, LLC, AND
BLOOMIN' BRANDS, INC. et al.,**

        **Defendants.**

## RESPONSE TO ORDER TO SHOW CAUSE

COMES NOW, Plaintiff, Joann Wright Haysbert ("Plaintiff") and her counsel, Mary T. Morgan ("Counsel" or the "undersigned") and in response to the Court's Order to Show Cause dated August 28, 2024 (ECF No.: 14), states as follows:

### I.    INTRODUCTION

Counsel first made an appearance in Civil Case No.: 4:20-cv-00121, Haysbert v. Bloomin' Brands, et al., on or about October 10, 2023, as counsel for interested party, Nazareth Haysbert ("Mr. Haysbert"). Counsel's involvement was relatedly solely to the Motion for Sanctions pending against Mr. Haysbert. See ECF Nos.: 332, 326-327. At the time, Counsel was the managing partner and a principal of Infinity Law Group, PLC ("Infinity"), a small, Hampton Roads based firm. Over the course of the next several months, Counsel became familiar with the underlying case proceedings, and with Plaintiff herself. Counsel, who is a defense attorney, and does not handle plaintiff's personal injury cases, repeatedly turned down Plaintiff and Mr. Haysbert's requests to step in as counsel for Plaintiff, but provided multiple referrals to Plaintiff. Upon information and belief, each referral was contacted, and turned down

1

representation of Plaintiff.

## II.     ASSISTANCE PROVIDED TO PLAINTIFF

Through interactions with Mr. Haysbert and Plaintiff, Counsel also witnessed Plaintiff's cognitive disability and inability to competently handle her case. On December 18, 2023, with the undersigned's assistance, Plaintiff filed a motion to voluntarily dismiss the case pursuant to Federal Rule of Civil Procedure 41(a)(2), explaining that she had been unable to retain new counsel, and found herself, due to the cognitive disability that resulted from her traumatic brain injury, unable to effectively represent herself. The Court held a hearing on Plaintiff's motion on January 8, 2024, and on January 11, 2024, the Court issued an order granting Plaintiff's motion in part and dismissing the case. ECF No.: 357. The undersigned did not participate in the hearing, but consulted with Plaintiff afterwards. Based on the need for some clarification, Counsel assisted Plaintiff in the filing of her Motion for Clarification and Reconsideration of the Court's Voluntary Dismissal Order. ECF Nos.: 361-362. The Court issued an Order on this Motion on April 19, 2024. ECF No.: 365. Counsel reviewed the Order, including the Court's footnote regarding Local Civil Rule 83.1, but believed her involvement with Plaintiff to be at a logical end.

In late May/early June 2024, because Plaintiff had still been unable to retain counsel to represent her in the case against Defendants, the undersigned reluctantly agreed to assist with the filing of Plaintiff's Complaint. Counsel believed, incorrectly, but not deliberately improperly, that it would be acceptable to assist Plaintiff given that the instant matter was a new proceeding.

In mid-June, Counsel engaged in discussions with her new firm, Parker Pollard Wilton & Peaden ("PPWP"), a Richmond-based firm, regarding employment, and the dissolution[1] of

---

[1] Counsel's two partners indicated their imminent departure in mid-April 2024, and left effective July 15, 2024, leaving Counsel as the sole attorney with Infinity.

Infinity. After formally accepting an employment offer from PPWP, in July 2024, in light of Plaintiff's inability to find counsel, her renewed request for representation, and the expanded resources[2] available to provide support for Plaintiff's case, the undersigned discussed the possible acceptance of Plaintiff's case with members of the Board of Directors of PPWP. PPWP's managing director was on vacation in Europe from July 24, 2024 until August 6, 2024. His absence from the office postponed further discussions regarding acceptance of Plaintiff's case. However, during this same time period, on or about July 24, 2024, Defendants filed their Motion to Dismiss (ECF No.: 7), which necessitated a response on behalf of Plaintiff. Anticipating that PPWP would agree with the undersigned's recommendation to accept Plaintiff's case, but not having a signed engagement letter, Counsel assisted Plaintiff in preparing the Opposition which was filed on August 15, 2024. On August 21, 2024, PPWP sent Plaintiff an engagement letter. On August 23, 2023, the undersigned went on vacation out of state, and did not return to the office until September 3, 2024. The engagement letter was executed on September 3, 2024 by Plaintiff.

As further verification of this sequence of events, Counsel also offers the following: On August 8, 2024, the Court contacted Plaintiff regarding an initial pre-trial conference (IPTC). Given that Plaintiff and Counsel were discussing the engagement of PPWP, Plaintiff forwarded the electronic message from the Court to Counsel on August 11, 2024. On Monday, August 12, 2024, prior to the filing of the Opposition to Defendants' Motion to Dismiss, Counsel responded to Plaintiff and suggested that she notify the Court of the ongoing representation negotiations, but lack of a formal representation agreement, and to ask for dates for the ITPC when the undersigned could be available. On Tuesday, August 13, 2024, Plaintiff contacted the Court and

---

[2] PPWP has 12 attorneys and multiple staff members.

advised them of the same. A copy of this communication is attached as Exhibit 1. Plaintiff was required to file her Opposition to Defendants' Motion to Dismiss on or about August 13, 2023.

### III. ANALYSIS

The undersigned understands the importance of the Local Rules and compliance with the same. It was not the undersigned's intention to flagrantly disregard the Local Rule or the Court's warning in its Order from the previous case. This situation arose from the timing of events and deadlines, many of which were beyond Counsel's control. Plaintiff's engagement letter with PPWP (revised by the undersigned after receiving the standard engagement letter from PPWP) contains a paragraph which expressly states:

> "Our representation of you will not commence until you have signed this letter and returned it to us. A self-addressed, stamped envelope is included for your convenience. Please note that the engagement will not occur until I return to the office after September 3, 2024. At that time, I will file a Notice of Appearance in the United States District Court."

Accordingly, even before issuance of the Court's Order to Show Cause was issued, Counsel was aware of the need to file a Notice of Appearance and formally make an appearance in the case - and planned to do so immediately after receipt of Plaintiff's signed engagement letter.

The decision to undertake representation of Plaintiff could only be made after Counsel joined a firm capable of providing the support required in this case. Moreover, Counsel's moral compass and compassion for a fellow human being who suffered a brain injury compelled her to step in and assist in a situation where no one else – most likely because of the notoriety of this case – would do so.

WHEREFORE, your Plaintiff, Joann Wright Haysbert and her counsel, Mary T. Morgan, pray that Plaintiff's filings, ECF Nos. 10 and 11 not be struck, and that the Show Cause be dismissed, and for such further relief as is necessary and proper.

                    Respectfully submitted,

Date: September 9, 2024      By:    _____/s/_____
                                                               Mary T. Morgan, Esq.
                                                               Virginia State Bar No. 44955
                                                               *Counsel for Plaintiff*
                                                               PARKER POLLARD WILTON & PEADEN
                                                               4646 Princess Anne Road, Unit 104
                                                               Virginia Beach, Virginia 23462
                                                               Telephone: (757) 384-3166
                                                               Facsimile: (866) 212-1310
                                                               Email: mmorgan@parkerpollard.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of September 2024, I will electronically file the foregoing with the Clerk of Court using the CM/EMF system, which will send a notification of such filing (NEF) to all counsel of record, including:

John D. McGavin, Esq.
MCGAVIN, BOYCE, BARDOT,
THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
jmcgavin@mbbtklaw.com
*Counsel for Defendants*

_____/s/_____
Mary T. Morgan, Esq.
Virginia State Bar No. 44955
*Counsel for Plaintiff*
PARKER POLLARD WILTON & PEADEN
4646 Princess Anne Road, Unit 104
Virginia Beach, Virginia 23462
Telephone: (757) 384-3166
Facsimile: (866) 212-1310
Email: mmorgan@parkerpollard.com