IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JOANN WRIGHT HAYSBERT,
    Plaintiff,

v.                                                    Civil Action No.  4:24cv87 (EWH)

OUTBACK STEAKHOUSE OF
FLORIDA, LLC, *et al*.,
    Defendants.

## SCHEDULING ORDER

The Court held an initial pretrial conference on September 18, 2024. At that conference, Defendant's Motion to Dismiss, ECF No. 7, was DENIED AS MOOT pursuant to Defendant's withdrawal of the Motion. ECF No. 18. Defendants have fourteen (14) days to file an answer. Given the denial of the Motion to Dismiss, Plaintiff's Motion for Leave to File Amended Complaint, ECF No. 11, was also DENIED AS MOOT. The Court's Order to Show Cause, ECF No. 14, is DISMISSED.

The following shall govern the progress of this action in addition to the provisions of the Federal Rules of Civil Procedure as modified and/or enlarged upon by the Local Rules for this Court. This Order shall control if any conflict is perceived between it and either the Federal or Local Rules. This Order shall supersede all prior Scheduling and Pretrial Orders that have been entered in this matter. This matter is "procedurally in the same position" as the previous iteration of this case. *See Haysbert v. Bloomin' Brands, Inc., et al*., No. 4:20-cv-121, Order at 2, ECF No. 357 (Jan. 11, 2024). Given this procedural posture, "the parties may not engage in additional discovery, and any discovery taken in the [previous] case may be used" here. *Id.* Additionally, "all existing pretrial determinations will be maintained." *Id.*

**Trial Date**

1. A 5-day **Jury Trial** is scheduled to commence at **10:00 a.m.** on **February 25, 2025, at the United States Courthouse, 2400 West Avenue, Newport News, VA 23607.**

**Jury Trial**

2. The parties previously filed numerous versions of proposed jury instructions. *Haysbert v. Bloomin' Brands, Inc., et al.*, No. 4:20-cv-121, ECF Nos. 238-39, 249-52, 278-79, 281-82. Some of these instructions may no longer be pertinent. Counsel shall meet and confer in a good-faith effort regarding jury instructions. Counsel for all parties shall <u>jointly</u> file electronically any requested jury instructions, including all requested standard instructions, not later than December 16, 2024. The submission of proposed jury instructions shall include each requested jury instruction (regardless whether agreed or objected to) fully set forth on a separate page with a citation in support of the instruction set forth at the bottom of the requested instruction. The submission shall be organized as follows. First, the parties shall tender the agreed set of instructions (to be labeled "J-1," "J-2," etc.), including any special interrogatory verdict form. Second, the parties shall tender any of Plaintiff's proposed instructions (to be labeled "P-1," P-2," etc.) to which Defendant objects. Third, the parties shall tender any of Defendant's proposed instructions (to be labeled "D-1," "D-2," etc.) to which Plaintiff objects. Counsel shall also provide a copy of the requested jury instructions in WORD format via e-mail to Chambers.

3. Not more than four (4) calendar days after the filing of the requested jury instructions, each party shall submit a memorandum addressing all disputed jury instructions. Each party shall set forth the nature of the dispute, any authority on the issue, and any alternative instructions.

### *Voir Dire*

4. The parties previously filed proposed *voir dire* on July 11, 2022, and August 2, 2022. *Id.* at ECF Nos. 236, 248. The proposed *voir dire* is retained.

### Written Stipulations

5. The parties previously stipulated to undisputed facts, as laid out in the Court's final pretrial orders. *Id.* at ECF Nos. 243, 280. The preexisting stipulations are retained. Counsel shall meet and confer in a good-faith effort to enter into any additional written stipulations of uncontroverted facts. The preexisting stipulations and any new stipulations shall be included in the Proposed Final Pretrial Order filed no later than January 9, 2025.

### Exhibit & Witness Lists

6. The final exhibit list and final witness list for each party set forth previously on August 2, 2023, will be retained. *Id.* at ECF No. 273. However, the parties are directed to meet and confer and remove any exhibits that will not be used or witnesses who will not be called at trial. The exhibit and witness list, after these removals, shall be included in the Proposed Final Pretrial Order filed no later than January 9, 2025.

7. All exhibits will be presented by available electronic means at trial, with counsel to contact the courtroom deputy clerk before trial if counsel is not sufficiently familiar with the courtroom electronic system to effectuate presentation at trial. In anticipation of trial, each party shall ensure that three (3) sets of pre-marked, indexed copies of that party's exhibits are submitted in binders to the Clerk at least three (3) days before trial begins for use by the courtroom deputy clerk during trial proceedings and the jury during its deliberations.

### Pretrial Briefs

8.  The parties previously filed numerous "Trial Briefs," reflecting material issues the parties expected to arise at trial. *Id.* at ECF Nos. 195-96, 219-20, 290, 294, 298, 300-02. Some of these issues have been resolved or may no longer be pertinent. Defendants also previously filed a Motion *in Limine* on December 18, 2023. *Id.* at ECF No. 351. Some of the issues therein may no longer be pertinent. Counsel are directed to meet and confer and determine which material issues remain. As to these preexisting issues, the parties are permitted to file updated briefs. If either party wishes to stand on their previously filed brief, the party must file a Notice specifically indicating which briefs, and which pages, remain relevant. The parties are also permitted to file a brief addressing any newly arisen material issue, but only if that issue has become relevant since August 8, 2023. Any updated briefs, briefs addressing newly arisen issues, or Notices must be filed no later than December 16, 2024. Counsel shall provide a copy of relevant discovery materials, such as expert reports, necessary to the consideration of these motions via e-mail to Chambers no later than December 16, 2024.

### Final Pretrial Conference

9.  A Final Pretrial Conference will be held on **January 16, 2025,** at **10:00 a.m.**, at the Walter E. Hoffman United States Courthouse, 600 Granby St., Norfolk, VA 23510. No later than January 9, 2025, the parties shall jointly submit a proposed Final Pretrial Order to the Court, endorsed by counsel and setting forth all resolved and disputed matters related to trial evidentiary issues. The proposed Final Pretrial Order shall be broken down by the following sections: (1) Stipulated Facts; (2) Legal and Evidentiary Stipulations (including jurisdiction and venue); (3) List of Proposed Witnesses by Each Party; (4) Exhibits

(including identification of those exhibits to which there is no objection); (5) Factual Contentions as set forth by each party; and (6) Triable Issues as set forth by each party.

### Courtroom Technology

10. All exhibits will be presented by available electronic means during trial. The courtroom is equipped with a document viewer that displays evidence on monitors located on counsel tables, on the bench and in the jury box. The parties may also use personal laptop computers to aid in the presentation of evidence. The Court does not provide laptops. The Court advises the parties to visit the following webpage for more information on the Court's technological capabilities: https://www.vaed.uscourts.gov/evidence-presentation-system.

11. Any party wishing to use courtroom technology during a proceeding should submit a Request to Use the Court's Evidence Presentation System form and confer with the undersigned's courtroom deputy at least ten (10) days before the proceeding. The Court expects all parties using courtroom technology to conduct a test run before any proceeding.

12. Any party wishing to bring personal electronic devices, including laptops and cell phones, to a proceeding should submit a Request for Authorization form to the undersigned's law clerks at least three (3) days before the proceeding. While in the courthouse, all devices should be turned off (not in silent or vibrate modes) unless in use for court-related matters.

### Deadlines

13. Unless otherwise specified, any deadline established herein shall be governed by Rule 6. For purposes of Fed. R. Civ. P. 6(d), all electronically filed documents shall be deemed electronically served regardless of additional service by any other means.

### Settlement

14. The parties shall notify the Court of any settlement, either in whole or in part, as soon as practicable but not later than 12:00 p.m. on the nearest business day following the date of settlement. Counsel shall submit a stipulation of dismissal not later than eleven (11) calendar days after filing the notice of settlement, unless otherwise ordered by the Court. If such stipulation is not timely filed, the Court will dismiss this action with prejudice as to all parties involved in the settlement.

## Attorneys' Fees

15. Any motion for an award of attorneys' fees will be addressed after trial pursuant to Rule 54 and Local Rule 54 (if fees are treated as costs by statute or rule). Such motions shall be governed by applicable statutory and decisional law and must be accompanied by a brief. A party moving for attorneys' fees must submit an affidavit or declaration itemizing time spent on the case, describing the work done and the hourly rate of the person billing the case. In addition, a movant must submit an affidavit or declaration from an expert establishing the reasonableness of the fees.

## Communications with Chambers

16. *Ex parte* communications with chambers are strongly discouraged and should be limited to scheduling questions and other clerical matters. All other requests and communications should be made via filings on the public docket.

The Clerk is directed to send a copy of this Order to all counsel of record.

It is so ORDERED.

/s/ 
Elizabeth W. Hanes  
United States District Judge

Norfolk, Virginia  
Date: September 23, 2024