IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| JOANN WRIGHT HAYSBERT<br>      Plaintiff, | )<br>)<br>) |
| v. | )   Case No.: 4:24cv87<br>)<br>) |
| BLOOMIN' BRANDS, INC., et al. | )<br>) |
|       Defendants. | ) |

## ANSWER TO THE COMPLAINT BY OUTBACK STEAKHOUSE OF FLORIDA, LLC AND BLOOMIN' BRANDS, INC.

COMES NOW, the Defendant, Outback Steakhouse of Florida, LLC and Bloomin' Brands, Inc., by counsel, and hereby submit their Answer to the Complaint and Demand for Jury Trial. Bloomin' Brands, Inc. specifically states that it neither owns nor operates the subject location and that any and all claims herein do not apply to Bloomin' Brands, Inc., and it should be dismissed from this cause of action.

Defendant Outback Steakhouse of Florida, LLC and Bloomin' Brands, Inc. both object to the refiling of this action, preserve their objection to the Court's decision allowing the plaintiff to take a voluntary dismissal, and assert that this cause of action should have been dismissed by the Court with prejudice.

For their answers to the specific allegations to the Complaint, the defendants, state as follows:

1. Defendants deny the allegations contained in Paragraph 1.

2. Defendants admit the allegations contained in Paragraph 2.

3. Defendants admit the allegations contained in Paragraph 3.

4. Defendants deny the allegations contained in Paragraph 4, regarding Bloomin' Brands and asserts that Bloomin' Brands is not a proper party to this litigation.

5. Defendants admit the allegations contained in Paragraph 5.

6. Defendants admit the allegations contained in Paragraph 6.

7. Defendants admit the allegations contained in Paragraph 7.

8. Defendants admit the allegations contained in Paragraph 8.

9. Defendants admit the allegations contained in Paragraph 9.

10. Defendants deny the allegations contained in Paragraph 10.

11. Defendants deny the allegations contained in Paragraph 11.

12. Defendants deny the allegations contained in Paragraph 12.

13. Defendants deny the allegations contained in Paragraph 13.

14. Defendants deny the allegations contained in Paragraph 14.

15. Defendants admit the allegations contained in Paragraph 15.

16. Defendants admit the allegations contained in Paragraph 16.

17. Defendants admit the allegations contained in Paragraph 17.

18. Defendants admit the allegations contained in Paragraph 18.

19. Defendants admit the allegations contained in Paragraph 19.

20. Defendants can neither admit nor deny the allegations contained in Paragraph 20, as these constitute a statement of law for which no response is required.

21. In regard to Paragraph 21, Defendants incorporate by reference their responses to Paragraphs 1 through 20,

22. Defendants deny the allegations contained in Paragraph 22.

23. Defendants deny the allegations contained in Paragraph 23.

24. Defendants deny the allegations contained in Paragraph 24.

25. Defendants deny the allegations contained in Paragraph 25

26. Defendants deny the allegations contained in Paragraph 26.

27. Defendants deny the allegations contained in Paragraph 27.

28. Defendants deny the allegations contained in Paragraph 28.

29. Defendants deny the allegations contained in Paragraph 29.

30. Defendants deny the allegations contained in Paragraph 30.

31. Defendants deny the allegations contained in Paragraph 31.

32. Defendants deny the allegations contained in Paragraph 32.

### FIRST DEFENSE:

Defendants deny that Bloomin' Brands is proper party to this litigation and they should be dismissed.

### SECOND DEFENSE:

Defendants deny that they jointly, severely or vicariously committed any act or omission constituting negligence in this regard.

### THIRD DEFENSE:

Defendants deny that they had any notice of any allegedly defective condition herein.

### FOURTH DEFENSE:

Defendants assert that any and all injuries or damages of the plaintiff were caused by the contributory negligence of the plaintiff.

### FIFTH DEFENSE:

Defendants assert that any and all alleged defective conditions herein were open and obvious to the plaintiff and for which there was no duty to warn.

### SIXTH DEFENSE:

Defendants assert that plaintiff wore high heels on the day of the incident, walked on a wooden floor, and her own acts or omissions caused the subject incident, and that there was no defect in the subject floor.

### SEVENTH DEFENSE:

Defendants deny that the plaintiff was injured or damaged to the extent alleged.

### EIGHTH DEFENSE:

Defendants assert that plaintiff has been permitted to refile this action over the defendants' objection and this action should have been properly dismissed with prejudice after the previous mistrial caused by the misconduct of counsel for the plaintiff, Nazareth Haysbert.

### JURY DEMAND:

Defendants demand trial by jury on all issues joined.

WHEREFORE, the Defendants, Outback Steakhouse of Florida, LLC and Bloomin' Brands, Inc., by counsel, and hereby move this Court to dismiss this cause of action and award them costs and expenses expended.

> OUTBACK STEAKHOUSE OF
> FLORIDA, LLC and BLOOMIN'
> BRANDS, INC.
> By Counsel

McGAVIN, BOYCE, BARDOT,
  THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, VA 22030
Telephone:    (703) 385-1000
Facsimile:    (703) 385-1555


  /s/ *John D. McGavin*
John D. McGavin (VSB 21794)
jmcgavin@mbbtklaw.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of October 2024, a true and accurate copy of the foregoing was sent via the CM/ECF system and served by email and mail, postage paid to:


Mary T. Morgan, Esq. (VSB No. 44955)
Parker, Pollard, Wilton & Peaden, P.C.
4646 Princess Anne Road, Unit 104
Virginia Beach, VA 23462
mmorgan@parkerpollard.com
*Counsel for Plaintiff*

Trevor B. Reid, Esq. (VSB No. 77233)
Parker, Pollard, Wilton & Peaden, P.C.
6802 Paragon Place, Suite 205
Richmond, VA 23230
treid@parkerpollard.com
*Co-Counsel for Plaintiff*


  /s/ *John D. McGavin*
John D. McGavin (VSB 21794)