UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*Newport News Division*

**JOANN WRIGHT HAYSBERT,**

   **Plaintiff,**

v.              Civil Action No.: 4:24-CV-87

**OUTBACK STEAKHOUSE OF
FLORIDA, LLC, AND
BLOOMIN' BRANDS, INC. et al.,**

   **Defendants.**

**PLAINTIFF'S PRETRIAL BRIEF REGARDING THE
BRAIN MAP ANIMATION DEMONSTRATIVE**

  COMES NOW, Plaintiff, JoAnn Wright Haysbert, by counsel, and submits the following Pretrial Brief regarding the Brain Map Animation Demonstrative, stating as follows:

**I. INTRODUCTION**

  During the first trial, significant confusion arose over a brain map animation (the "animation") that Plaintiff intended for her medical experts to use as a demonstrative exhibit. Plaintiff submits this trial brief to avoid similar confusion in the future by explaining the animation, what it shows, where it comes from, and why Plaintiff should be permitted to use it as a demonstrative exhibit.

**II. ARGUMENT**

  A "court has broad discretion in permitting the use at trial of demonstrative evidence." Musick v. Dorel Juvenile Group, No. 1:11CV00005 (W.D. Va. Nov. 4, 2011) (citing Fed. R. Evid. 611(a) advisory committee's note). "Demonstrative aids are appropriately and widely used in trials to help illustrate for the jury matters that might [o]therwise be less than fully understood. Such aids can take various forms, including, *inter ilia*, diagrams, maps, computer animations or,

… mock-ups. And regardless of the particular form, all demonstrative aids generally serve the same purpose, namely to explain or clarify a complex principle or concept or to aid in the understanding of complicated witness testimony, particularly expert testimony." Colgan Air, Inc. v. Raytheon Aircraft Co., 535 F.Supp.2d 580, 583 (E.D. Va. 2008). "Given this salutary purpose, it is not surprising that it is well-settled in this circuit and elsewhere that demonstrative aids can be used to help illustrate an expert witness's testimony on technical aspects of a particular case." Id. at 583-84. The Fourth Circuit has "decline[d] to create a rigid standard for the admissibility of computer animated … simulations…. Rather, [it] chooses to rely on the sound discretion of trial judges who are in the best position to consider the relevancy of offered evidence and to weigh its probative value against its potential prejudicial effect." Strock v. Southern Farm Bureau Cas. Ins. Co., No. 92-2357, 1993 WL 279069 (4th Cir. July 12, 1993).

At the first trial, the Court accused Plaintiff's counsel of attempting to backdoor a demonstrative exhibit for one medical expert, Dr. Huma Haider, into evidence via another medical expert, Dr. Aaron Filler, after Plaintiff had withdrawn Dr. Haider as a witness.[1] In doing so, the Court incorrectly assumed that the animation had been prepared by Dr. Haider. In actuality, the substance of the animation consists of the neuroimaging scans that Dr. Filler created of Plaintiff's brain, which were animated and turned into a demonstrative exhibit by a third-party vendor. See Transcript of Proceedings, Day 5, Aug. 14, 2023 [ECF No. 308] 103:5-17. It was not prepared by Dr. Haider, but was for both Dr. Haider and Dr. Filler to use. Id. at 103:18-104:3. And, notwithstanding any confusion that Dr. Filler caused at the first trial by

---

[1] Plaintiff elected not to call Dr. Haider during the first trial because her responsibilities as caretaker for her ailing father interfered with her ability to travel from Texas, where she lives, to Virginia.

2

stating (accurately) that he hadn't produced the animation, he will be prepared to lay the necessary foundation for the animation at the upcoming trial.[2]

Brains are complicated things and, while two-dimensional brain images may be as straightforward to read as the daily newspaper for a trained neurosurgeon like Dr. Filler, the same is not necessarily true for untrained laypeople on a jury. The purpose of this demonstrative is to help Plaintiff's medical experts "illustrate an [their] testimony on technical aspects of [this] particular case." In this regard, the animation is relevant to the issues to which Plaintiff's medical experts will testify and not prejudicial in any way. Cf. Gladhill v. General Motors Corp., 743 F. 2d 1049, 1052 (4th Cir. 1984) (holding that an animation purporting to recreate the car crash at issue was prejudicial because the animation depicted conditions sufficiently different from the actual crash).

WHEREFORE, all of the foregoing reasons and provided that a proper foundation is laid, Plaintiff, by counsel, respectfully requests that this Court permit the use of the animation as a demonstrative exhibit by Plaintiff's medical expert, and for such further relief as is necessary and proper.

Respectfully submitted,

Date: December 16, 2024      By:      _____/s/_____
                                      Mary T. Morgan, Esq.
                                      Virginia State Bar No. 44955
                                      *Counsel for Plaintiff*
                                      PARKER POLLARD WILTON & PEADEN
                                      4646 Princess Anne Road, Unit 104
                                      Virginia Beach, Virginia 23462
                                      Telephone: (757) 384-3166

---

[2] To avoid any further confusion, Plaintiff asks the Court to correct the description of Exhibit No. P1 on Plaintiff's Final Exhibit List to read as follows: "Brain Demonstratives and Images – Brain Map Animation, including brain cortex localization map."

3

                    Facsimile: (866) 212-1310
                    Email: mmorgan@parkerpollard.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of December 2024, I will electronically file the foregoing with the Clerk of Court using the CM/EMF system, which will send a notification of such filing (NEF) to all counsel of record, including:

John D. McGavin, Esq.
Emily Blake, Esq.
MCGAVIN, BOYCE, BARDOT,
THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
jmcgavin@mbbtklaw.com
*Counsel for Defendants*

                    _____/s/_____
                    Mary T. Morgan, Esq.
                    Virginia State Bar No:. 44955
                    Trevor B. Reid, Esq.
                    Virginia State Bar No:. 77233
                    *Counsel for Plaintiff*
                    PARKER POLLARD WILTON & PEADEN
                    4646 Princess Anne Road, Unit 104
                    Virginia Beach, Virginia 23462
                    Telephone: (757) 384-3166
                    Facsimile: (866) 212-1310
                    Email: mmorgan@parkerpollard.com
                    Email: treid@parkerpollard.com