IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | | |
|---|---|---|
| JOANN WRIGHT HAYSBERT | ) | |
|     Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| BLOOMIN' BRANDS, INC., et al. | ) | Case No.: 4:24-cv-00087-EWH-RJK |
| | ) | |
|     Defendants. | ) | |

## **DEFENDANTS' MOTIONS *IN LIMINE***

COMES NOW, that the Defendants, Outback Steakhouse of Florida, LLC and Bloomin' Brands, Inc., by counsel, pursuant to this Court's Scheduling Order (ECF 22), entered September 23, 2024, hereby move this Court to grant their Motions *in Limine*, previously filed, regarding certain evidence that may be offered by the Plaintiff and to address anticipated matters of evidence.

Pursuant to this Court's Scheduling Order (ECF 22), counsel for the parties met and conferred several times to attempt to narrow these issues. Based on those conversations, a number of the motions raised in ECF 351/352 have resolved. Left outstanding, Defendants request the Court to address the following:

1.    Defendants' first Motion *in Limine*, as set forth in ECF 351/352, requested that the Court exclude evidence of insurance, incident reports, claims process, and evidence as to how a claim is presented after an individual suffers an incident. This was also partially brief in Defndants' Motion for Mistrial, docketed at ECF 298. Counsel for Plaintiff has agreed that these topics are not relevant and does not intend to elicit any evidence related to these topics, however, Counsel for Plaintiff does reserve the right to ask the question, "Did anyone [from Outback] follow up with Dr. Haysbert" after the slip and fall. When requested to provide the relevance of this question, it was stated that such question goes to 'the general theme of corporate indifference.' Defendants

1

contend that whether or not anyone from Outback or Bloomin' Brands followed up with Plaintiff is not relevant to Plaintiff's injuries or theory of liability. Therefore, Defendants would ask that an Order be entered excluding such evidence, and rely upon the attached memorandum of law.

2. Defendants' second and third Motions *in Limine*, as set forth in ECF 351/352 requested a Court Order excluding evidence related to surveillance cameras inside the restaurant, as there are no operating surveillance cameras inside the restaurant and arguments related to the spoliation of evidence regarding video from inside the facility from cameras, regarding any documentation or otherwise, as the Court has previously ruled on these matters. Counsel for Plaintiff has agreed that the Court has already ruled on the issues related to spoliation and the surveillance cameras on the premises and she does not intend to bring in any evidence Defendants sought to exclude in ECF 351/352, other than to ask a witness one to two questions about the existence of a camera. Defendants have no objection as to a very limited line of questioning related to the cameras, but reserve the right to object if counsel determines that the line of questioning exceeds the agreement reached by counsel. Therefore, Defendants believe that Defendants' second and third Motions *in Limine*, as set forth in ECF 351/352 is resolved at this time, without prejudice to raise the issue at trial, if necessary.

3. The Parties have not been able to reach an agreement as to Defendants' fourth and fifth Motions *in Limine*, as set forth in ECF 351/352, as to the two work orders Plaintiff sought to introduce at the 2023 trial. This matter was briefed in ECF 301 as well. These issues remain unresolved and, therefore, Defendants would ask that an Order be entered excluding such evidence, and rely upon the attached memorandum of law. Briefly, there are two work orders – the first, listed as Plaintiff's Exhibit 14 in ECF 273, is a work order dated March 7, 2018, attached as <u>Exhibit A</u>. The second work order, dated August 27, 2018, was created after the subject incident

(Plaintiff fell May 23, 2018) and was never listed as a trial exhibit by Plaintiff. Plaintiff sought, mid-trial, to introduce the document as impeachment against Ms. Eleftherion. ECF 320, Tr. Trans. Day 4, 689:4-394:25. Defendant seeks to exclude both work orders and any evidence related to both work orders.

4. Defendants' sixth Motion *in Limine*, as set forth in ECF 351/352, requested the Court to exclude evidence as to policies and procedures for cleaning, mopping or inspecting, as this Court has previously ruled that internal policies and procedures do not establish the standard of care and are irrelevant. *See, e.g.*, ECF 273 pp. 4-6. Counsel have almost resolved this issue and hope to have it completely resolved by the time this Court rules on these motions. Therefore, as permitted by this Court's Scheduling Order (ECF 22), entered September 23, 2024, Defendants intend to rely on the arguments previously submitted on this issue, as set forth in ECF 351/352.

5. Defendants' seventh Motion *in Limine*, as set forth in ECF 351/352, requested an Order regarding the admissibility of Plaintiff's proposed demonstrative exhibits including, but not limited to, Plaintiff's Exhibit 1, Dr. Haider's video, and Plaintiff's Exhibit 2, Dr. Filler's Power Point. Specifically, Defendants argued because Plaintiff withdrew all of her experts, except Dr. Filler, Exhibit 1 was inadmissible because it was believed this was prepared by Dr. Haider[1] and Dr. Filler testified at trial that he had never reviewed the video and it had not been designated as a document that Dr. Filler has reviewed or relied upon in Plaintiff's Rule 26 disclosures. Plaintiff's counsel has now indicated that Plaintiff potentially intends to call Dr. Haider at the upcoming trial and intends to use the video with both Dr. Haider and Dr. Filler. ECF 31. However, Dr. Filler has testified that he has never seen the animation before and Dr. Haider's designation does not disclose

---

[1] Which apparently, according to ECF 31, is not the case; it was prepared by an undisclosed third-party vendor with the scans that Dr. Filler took.

that she reviewed the animation. <u>Exhibit B</u>, Pl. Damages Expert Designation, dated June 23, 2021. Plaintiff has consistently represented through the pre-trial orders that this animation was generated by Haider. For example, ECF 243 and 273 list the demonstrative as "Haider Demonstratives and Images – Brain Map Animation." In the Final Pre-Trial conference on August 8, 2023, counsel for Plaintiff stated "Judge, this is the brain animation that I was telling you about earlier. There is a map of the brain that she uses to describe how she came to her findings that Ms. Haysbert had suffered a dangerous injury from the fall." ECF 286:41:17-21. Counsel for Plaintiff advised for the first time at trial that this brain map animation was created by a third-party vendor. ECF 321, Tr. Trans. Day 5 936:5-17. Therefore, Defendants seek an Order prohibiting Plaintiff from introducing Exhibit 1.

As to Exhibit 2, Defendants objected to the PowerPoint prepared by Dr. Filler because it contains significant amounts of hearsay and irrelevant information. During the 2023 Final Pre-Trial conference, Plaintiff was ordered to provide an amended PowerPoint because Plaintiff needed to have "Dr. Filler update PPT to remove references to court rulings." ECF 273, p. 3. However, the amended proposed Exhibit 2 that was provided by Plaintiff during trial simply black-box redacted the references to prior court rulings on the Diffusion Tensor Images, but then left the caption of the PowerPoint slide in the slide deck. Judge Smith never had an opportunity to rule upon all of Defendants' objections to the various slides because Plaintiff's counsel introduced the exhibit during his direct examination of Dr. Filler, quickly publishing it to the jury, and Judge Smith wanted to move things along. *See* ECF 319, Tr. Trans. Day 3, 455:19-456:13; *see also* ECF 315 pp. 8-9.

Plaintiff's counsel has indicated that she agrees that black-box redactions are not appropriate and a clean copy of the PowerPoint will be provided, but at this point it is too late.

Plaintiff was ordered to produce the PowerPoint over a year ago. If Plaintiff wanted to use Dr. Filler's PowerPoint, it should have at least been provided prior to the date of this motion, so that this Court could have the opportunity to rule on the Exhibit in preparation for trial. Therefore, Defendants request a Court Order excluding Plaintiff's Exhibit 2.

6. Defendants' eighth Motion *in Limine*, as set forth in ECF 351/352, requested an Order excluding the testimony of Dr. Filler. This issue was also briefed in ECF 294. As permitted by this Court's Scheduling Order (ECF 22), entered September 23, 2024, Defendants intend to rely on the arguments previously submitted on this issue, as set forth in ECF 294 and 351/352. Defendants further rely upon Dr. Filler's testimony, as provided in the prior trial, as such testimony clearly indicative of Dr. Filler's expected testimony to be offered during the trial in February 2025. *See* ECF 319, 408:10-512:15.

Plaintiff still intends to call Dr. Filler of an expert and counsel for Plaintiff indicated that Dr. Filler has even treated Plaintiff since last year's trial, however, Plaintiff has never sought to amend her designation, provide any treatment records, or provide literally any information other than a brief mention in a phone call. Therefore, Defendants' object to any facts or opinions not properly designated by Plaintiff.

7. The ninth and tenth Motions *in Limine*, as set forth in ECF 351/352, request a court order prohibiting Plaintiff from issuing last-minute subpoenas and filing last-minute motions to have an expert witness present trial testimony by remote means has been resolved, as Counsel for Plaintiff has indicated that these will not be issues in the future.

8. Defendants' tenth Motion *in Limine*, as set forth in ECF 351/352, confirmation of which of plaintiff's four nonresident Virginia experts will be coming to trial. The number of experts and when they may testify will impact the length of the trial. This specifically goes to the

issue of Defendants' expert witnesses waiting and ultimately never being allowed to testify despite four reserved trial dates. The defense sought a reasonable expectation of how long Plaintiff's case may last including, which witnesses will actually be called so that a reasonable schedule and orderly trial may occur. Counsel for Plaintiff has advised that she does not intend to call any of the liability experts and, as of right now, intends to call Dr. Haider and Dr. Filler. Plaintiff's counsel indicated that her trial strategy may change depending on how the Court rules on Dr. Filler's admissibility. This is also a necessary discussion as Plaintiff has renewed her Trial Brief relating to the admissibility of opinions from Plaintiff's treating physicians. ECF 27 (this case); ECF 196 (prior case). In the original trial brief, in Footnote 1, Plaintiff indicated calling up to 6 treating physicians, none of whom (other than Dr. Haider) were listed as witnesses in either ECF 243 or ECF 273. Therefore, as permitted by this Court's Scheduling Order (ECF 22), entered September 23, 2024, Defendants intend to rely on the arguments previously submitted on this issue, as set forth in ECF 351/352 and request that Plaintiff set forth a reasonable expectation of how long Plaintiff's case may last including, which witnesses will actually be called so that a reasonable schedule and orderly trial may occur.

9.      The twelfth, thirteenth, fourteenth, and fifteenth Motions *in Limine*, as set forth in ECF 351/352, are resolved.

                           **BLOOMIN' BRANDS, INC.**
                           **and OUTBACK STEAKHOUSE**
                           **OF FLORIDA, LLC**
                           By Counsel

McGAVIN, BOYCE, BARDOT,
  THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, VA 22030
Telephone:    (703) 385-1000
Facsimile:    (703) 385-1555

    /s/ *Emily K. Blake*
John D. McGavin (VSB 21794)
Emily K. Blake (VSB 90562)
jmcgavin@mbbtklaw.com
eblake@mbbtklaw.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

     I hereby certify that on December 16, 2024 the following was e-filed and served upon counsel of record:

        Mary T. Morgan, Esq.
        PARKER POLLARD WILTON & PEADEN
        4646 Princess Anne Road, Unit 104
        Virginia Beach, Virginia 23462
        Telephone: (757) 384-3166
        Facsimile: (866) 212-1310
        Email: mmorgan@parkerpollard.com
        *Counsel for Plaintiff*

                                        /s/ *Emily K. Blake*
                                      Emily K. Blake (VSB 90562)