**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
*Newport News Division*

**JOANN WRIGHT HAYSBERT,**

   **Plaintiff,**

v.             Civil Action No.: 4:24-CV-87

**OUTBACK STEAKHOUSE OF
FLORIDA, LLC, AND
BLOOMIN' BRANDS, INC. et al.,**

   **Defendants.**

### PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE

COMES NOW, Plaintiff, Joann Wright Haysbert ("Plaintiff") and respectfully requests the Court to take judicial notice pursuant to Federal Rule of Evidence 201 of the of the temperature, dew point, and relative humidity observed at Hampton Roads Executive Airport, VA on May 23, 2018. Specifically, Plaintiff requests judicial notice of the following facts:

- At 1556 (3:56 p.m.) local time, the temperature was 85 degrees Fahrenheit, the dew point was 68 degrees Fahrenheit, and the relative humidity was 57 percent;
- At 1656 (4:56 p.m.) local time, the temperature was 82 degrees Fahrenheit, the dew point was 66 degrees Fahrenheit, and the relative humidity was 58 percent;
- At 1756 (5:56 p.m.) local time, the temperature was 77 degrees Fahrenheit, the dew point was 68 degrees Fahrenheit, and the relative humidity was 74 percent;
- At 1856 (6:56 p.m.) local time, the temperature was 74 degrees Fahrenheit, the dew point was 68 degrees Fahrenheit, and the relative humidity was 82 percent; and
- At 1956 (7:56 p.m.) local time, the temperature was 68 degrees Fahrenheit, the dew point was 67 degrees Fahrenheit, and the relative humidity was 96 percent.

### I. ARGUMENT

Federal Rule of Evidence 201 provides, in part, that a court "may judicially notice a fact that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FRE 201(b). A court "must take

judicial notice if a party requests it and the court is supplied with the necessary information," FRE 201(c)(2), and may do so "at any stage of the proceeding." FRE 201(d).

Plaintiff requests that the Court take notice of the temperature, dew point, and relative humidity in the area of the Chesapeake Outback Steakhouse on the date of the incident, May 23, 2018, between 3:56 p.m. and 7:56 p.m. local time. These climate conditions were observed at the Hampton Roads Executive Airport, VA weather station—the closest federal local climatological observation station to 23321 (the Chesapeake Outback Steakhouse's zip code).[1]

Such facts "can be accurately and readily determined" from the attached Local Climatological Data for May 2018, see Ex. 1,[2] obtained from the National Centers for Environmental Information ("NCEI") of the National Oceanic and Atmospheric Administration.

A court "may properly take judicial notice of matters of public record." Philips v. Pitt County Memorial Hosp., 572 F. 3d 176, 180 (4th Cir. 2009). In particular, climatological facts are precisely the kind of fact that may be judicially noticed. See U.S. v. Foreman, 369 F.3d 776, 786 (4th Cir. 2004) ("the court can take judicial notice of the temperature that day"); see also Del Raine v. Williford, 32 F.3d 1024, 1036 n.4 (7th Cir. 1994) (approving district court's judicial noticing of temperatures at nearest airport to help determine temperatures in allegedly cold prison); Pate v. Norris, No. 4:05CV00491 GH-JFF, 2007 WL 990698, at *19 n.10 (E.D. Ark. Mar. 29, 2007) (citing cases) ("A court can take judicial notice of weather data . . . contained in government weather bureau records."); McAffee v. United States, 111 F.2d 199, 203 n.9 (D.C.

---

[1] Entering the zip code 23321 into the National Oceanic and Atmospheric Administration's National Centers for Environmental Information Local Climatological Data website, *available at* https://www.ncdc.noaa.gov/cdo-web/datatools/lcd returns one station: Hampton Roads Executive Airport.

[2] Hourly observations can be found on page 2 of Exhibit 1 and the relevant observations are listed in rows 20-24, identified in the second column (Time (LST)) as 1556, 1656, 1756, 1856, and 1956. Temperature readings are taken from column 7 (Dry Bulb Temperature (F)). As the attached documentation for the Local Climatological Dataset explains, dry bulb temperature "is commonly used as the standard air temperature reported." Dew point readings are taken from column 11 (Dew Point Temp (F)) and relative humidity readings are taken from column 13 (Rel Hum %).

2

Cir. 1940) (taking judicial notice of temperature data from the U.S. Department of Agriculture's Weather Bureau); Alan Wright & Kenneth W. Graham, Jr., 21B FEDERAL PRACTICE AND PROCEDURE § 5106 (2d ed. 2009) ("Some writers have exemplified ascertainable facts by . . . the weather on a particular day from the records of the Weather Bureau."). And courts have regularly taken judicial notice of NCEI temperature and other climatological data. See, e.g, Romera-Arrizabal v. Ramos, No. 16-c-5967, n. 5 (N.D. Ill. Sept. 8, 2017); Sanchez v. City of Fresno, No. 1:12-00428-LJO-SKO, 2014 WL 2042058, at *2 (E.D. Cal. May 16, 2014); Oliver v. Klee, No. C-11-3663-SBA-(PR) (N.D. Cal. Sept. 30, 2013); Cole v. Collier, No. 4:14-CV-01698, n. 2 (S.D. Tex. Oct. 11, 2017).

Rule 201(f) further provides that "[i]n a civil case, the court must instruct the jury to accept the noticed fact as conclusive." In this regard, Plaintiff notes that the Third, Fifth, Seventh, Eighth, Ninth, and Eleventh Circuit all have model civil jury instructions for judicially noticed facts, any of which would be acceptable to Plaintiff. See U.S. Court of Appeals for the Third Circuit, *General Instructions for Civil Cases* § 2.2; U.S. Court of Appeals for the Fifth Circuit, *Pattern Jury Instructions (Civil Cases)* § 2.4; U.S. Court of Appeals for the Seventh Circuit, *Federal Civil Jury Instructions of the Seventh Circuit* § 2.06; U.S. Court of Appeals for the Eighth Circuit, *Manual of Model Civil Jury Instructions for the District Courts of the Eighth Circuit* § 2.04; U.S. Court of Appeals for the Ninth Circuit, *Manual of Model Civil Jury Instructions* § 2.3; U.S. Court of Appeals for the Eleventh Circuit, *Pattern Jury Instructions, Civil Cases* § 2.5.

## II. CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court take judicial notice of the aforementioned temperature, dew point, and relative humidity observations.

JOANN WRIGHT HAYSBERT

Respectfully submitted,

Date: January 13, 2025          By:      _____/s/_____
                                         Mary T. Morgan, Esq.
                                         Virginia State Bar No. 44955
                                         *Counsel for Plaintiff*
                                         PARKER POLLARD WILTON & PEADEN
                                         4646 Princess Anne Road, Unit 104
                                         Virginia Beach, Virginia 23462
                                         Telephone: (757) 384-3166
                                         Facsimile: (866) 212-1310
                                         Email: mmorgan@parkerpollard.com

4

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of January 2025, I will electronically file the foregoing with the Clerk of Court using the CM/EMF system, which will send a notification of such filing (NEF) to all counsel of record, including:

John D. McGavin, Esq.
Emily Blake, Esq,
MCGAVIN, BOYCE, BARDOT,
THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
jmcgavin@mbbtklaw.com
*Counsel for Defendants*

          _____/s/_____
Mary T. Morgan, Esq.
Virginia State Bar No. 44955
*Counsel for Plaintiff*
PARKER POLLARD WILTON & PEADEN
4646 Princess Anne Road, Unit 104
Virginia Beach, Virginia 23462
Telephone: (757) 384-3166
Facsimile: (866) 212-1310
Email: mmorgan@parkerpollard.com