| | |
|---|---|
| **From:** | Emily Blake |
| **To:** | Mary Morgan |
| **Cc:** | Trevor Reid; Kaylee Raulerson; John McGavin; William Miller |
| **Subject:** | RE: Haysbert v. Outback |
| **Date:** | Friday, January 10, 2025 5:21:00 PM |
| **Attachments:** | Plaintiff"s Supplemental Expert Designation.pdf |
| | Haysbert_JoAnn_01-03-2024_NIS_New Pt Eval.pdf |
| | Haysbert (fed supplemental report) 1-10-25.pdf |
| | image007.png |
| | image009.png |

Mary,

Please make sure to include John on correspondence, as he is an attorney of record and will be present at trial.

The clerk asked for plaintiff's expert reports today. I provided the copies I had. I obviously did not provide these. Are you intending on providing these to the Court?

We strenuously object to the attempts to have supplemental reports. Discovery closed years ago. It is completely inappropriate to attempt to supplement plaintiff's expert reports, especially without leave of the Court, in order to designate new opinions. The deadline to disclose expert opinions have long since passed. The order granting the voluntary dismissal states: "The parties are therefore limited, for example, to the expert designations, reports, and opinions; witnesses; and exhibits disclosed in the instant case." ECF 357.

Then we get to the propriety of what has been done. Plaintiff moved for a voluntary dismissal on December 18, 2023, representing to the court that the voluntary dismissal would not "substantially prejudice Defendants" because she just needs time to retain a new attorney. ECF 350. Not because she needed more time to fix the valid arguments we raised regarding the admissibility and viability of Dr. Filler as an expert. Nor was it represented that Plaintiff needed additional time to fix the liability arguments she made at trial, which is what Avrit's report is trying to do.

Two weeks after Plaintiff moved for a voluntary dismissal, she had a telemedicine interview with Dr. Filler took place January 3, 2024. Dr. Filler notes that he has "had a chance to review more records from before and after the fall . . . ." Who provided him these records? Certainly it was not you. You have told me more than once in our phone conversations that Nazareth is your point of contact for these experts. Avrit's 2025 report *is addressed to Haysbert*. Nazareth Haysbert was ordered to not have anything to do with this case. And yet it is clear from these supplemental reports that he continues to be involved.

Based on the above, we intend to request Judge Hanes to reconsider the dismissal with prejudice, reinstate the original voluntary dismissal order, ECF 357, and/or to exclude Plaintiff's experts because their testimony will now certainly be tainted by the subsequent investigation conducted and referenced in the attached supplemental reports. We are also going to look into what, if any, sanctions are appropriate based on Rule 41(d) and/or bad faith.

As an aside, in re-reading the Court's orders to draft this email, I saw that one of the conditions of

the voluntary dismissal is that "Plaintiff may not file previously withdrawn claims for past or future medical specials, a life care plan, or claims for lost earning capacity or future lost wages." ECF 357. This condition was not modified by the Court's order on Plaintiff's motion to reconsider. ECF 365. I bring it up based on your edit to the pretrial statement, stating that Haider would testify to a life care plan of $1.3 million.

I do not have a copy of the PowerPoint. I was provided a hard copy at the last trial, which I made numerous notes on due to all of the objections. Then, when I spoke with you a few weeks ago during our meet and confers prior to the motions *in limine*, you indicated that you understood that it was inappropriate to redact the slides with inadmissible content, rather than just remove the slides. It also sounded like there were going to be further edits to the slide deck. So, no I do not have a copy of the PowerPoint that Plaintiff intends to use at trial.

If you would like to meet and confer, as it seems your availability is more limited than mine, please provide dates and times.

- Emily



**Emily K. Blake**
McGavin, Boyce, Bardot, Thorsen & Katz, P.C.
9990 Fairfax Boulevard | Suite 400 | Fairfax, Virginia 22030
Telephone 703.934.6930 | Facsimile 703.385.1555 | Website
eblake@mbbtklaw.com

NOTE:  The information contained in this transmittal is information intended only for the use of the individual or entity named above, and may be attorney/client privileged and confidential.  If the reader of this message is not the recipient, you are hereby notified that any distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify the sender by email at eblake@mbbtklaw.com and destroy the message received.  Thank you.

**From:** Mary Morgan <mmorgan@parkerpollard.com>
**Sent:** Friday, January 10, 2025 3:24 PM
**To:** Emily Blake <eblake@mbbtklaw.com>
**Cc:** Trevor Reid <treid@parkerpollard.com>; Kaylee Raulerson <kraulerson@parkerpollard.com>
**Subject:** Haysbert v. Outback

Emily,

Thank you for taking care of sending the documents to the Court.

To comply with my obligations to supplement discovery, I am attaching Plaintiff's Supplemental Expert Designation and Supplemental Responses to Defendants' Discovery.  As you may recall, I mentioned that Dr. Filler had seen Dr. Haysbert. According to the attached, she was evaluated on 01/03/2024.  I don't know that this changes his opinions, but I believe I am obligated to disclose the same.  I would have done so earlier, had I been in a position to do so. Further, below is a link to Brad

Avrit's "Supplemental Report of Findings" dated January 10, 2025 (again, not something that I had access to), and exhibits. Honestly, I am not sure how much of this varies from what was provided in his earlier Report of Findings. However, that being said, I only intend to call Mr. Avrit for very, very, limited purposes. I am happy to discuss this more with you, and believe that we should do so. Hampton Roads is supposed to get some weather tonight and I am out of pocket for previously scheduled appointments out of the area on Monday.

https://aperturellc.app.box.com/s/o4rzspniuf151m39yp0r5kngz6e1mma0/file/1746708643091

I thought that you were provided a copy of the PowerPoint during the last trial? I am trying to track down the same.

Please let me know when you are available to talk.

Thank you.

Mary

https://aperturellc.app.box.com/s/o4rzspniuf151m39yp0r5kngz6e1mma0/file/1746708643091



Mary T. Morgan | Attorney and Counselor at Law
Parker Pollard Wilton & Peaden
4646 Princess Anne Road, Suite 104
Virginia Beach, Virginia 23462
(757) 384-3166
(866) 212-1310
mmorgan@parkerpollard.com
www.parkerpollard.com

This email and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that the disclosure, copying, distribution or use of this email or any attachment is prohibited. If you have received this email in error, please notify us immediately and delete this copy from your system. Thank you for your cooperation.