**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
*Newport News Division*

**JOANN WRIGHT HAYSBERT,**

      **Plaintiff,**

v.                                                                              Civil Action No.: 4:24-CV-87

**OUTBACK STEAKHOUSE OF
FLORIDA, LLC, AND
BLOOMIN' BRANDS, INC. et al.,**

      **Defendants.**

## MOTION TO CLARIFY OR RESCIND

COMES NOW, Plaintiff, Joann Wright Haysbert ("Plaintiff") and her counsel, Mary T. Morgan ("Counsel" or the "undersigned") and in response to the Court's comments concerning the involvement of Nazareth Haysbert in the instant proceeding and the representation of Plaintiff, and states as follows:

### I.     INTRODUCTION AND PROCEDURAL HISTORY

This matter involves a contested personal injury case resulting from Plaintiff's slip and fall at an Outback Steakhouse restaurant on May 23, 2018 in Chesapeake, Virginia. The case was originally filed in the Circuit Court for the City of Hampton, Virginia in June 2020, shortly after the onset of the COVID-19 pandemic. Upon notice filed by Defendants Bloomin' Brands, Inc. and Outback Steakhouse of Florida, LLC ("Defendant") the case was removed to the Federal Court for the Eastern District of Virginia and assigned case no. 4:20-cv-00121-RBS-RJK. Nazareth M. Haysbert ("Mr. Haysbert"), an attorney licensed in California was primary counsel for Plaintiff. Originally, Newport News attorney Stephen C. Teague ("Mr. Teague") was engaged to serve as local counsel. Mr. Haysbert filed an Application to Qualify as a Foreign

1

Attorney Under Local Civil Rule 83.1 ("Application") (pro hac vice) on September 8, 2020. (ECF No.: 13)[1]. Id. The Application was granted on or about September 10, 2020. (ECF No.: 14).

On November 24, 2020, D. Adam McKelvey ("Mr. McKelvey") noted his appearance as counsel for Plaintiff. (ECF No.: 21). On December 2, 2020, a Consent Order Granting Substitution of Mr. McKelvey as counsel of record for Mr. Teague was entered by the Court. (ECF No.: 27). Following several days of trial, on August 23, 2023, the Court issued a Memorandum Opinion granting Defendants' Motion to Quash, Motion to Revoke Pro Hac Vice Status of Mr. Haysbert, and Motion for Mistrial. (ECF No.: 315). Mr. McKelvey moved to withdraw as counsel for Plaintiff on September 18, 2023, and passed away on November 5, 2023.

In connection with the ongoing proceedings, the Court has stated on the record as follows:

> "It is in my view in no way appropriate for [Mr. Haysbert] him to involve himself in this case in a way in which an attorney would. He can't represent her related to this case in any way…[Mr. Haysbert] appeared as counsel of record in this case, and his *pro hac vice* was revoked, and the Court ordered him not to be involved as counsel in this case. That's my understanding of the Court's order."

Tr. Final Pretrial Conf. Jan. 16, 2025; 66:12-21.

## II.     PRO HAC VICE AND ITS REVOCATION

Latin "for this turn," pro hac vice enables "an out-of-state lawyer [to] be admitted to practice in a local jurisdiction for a particular case only." BLACKS LAW DICTIONARY Sixth Ed. at 1212. Pursuant to Local Civil Rule 83.1 (E), "[u]pon written motion by a member of this Court, a practitioner qualified to practice in the United States District Court of another state or the

---

[1] ECF citations reference initial case no. 4:20-cv-00121-RBS-RJK, unless specified.

District of Columbia may apply for *pro hac vice* admission in a specific case and to appear and sign pleadings and other filings…". L. R. 83.1(E). Subsection (G) of this same Rule provides that "[a]ny attorney appearing before, or signing pleadings or other filings with the Court, must be admitted or authorized to practice under subsections (C), (D), (E), or (F)." L. R. 83.1(G).

"Federal courts have the inherent authority to control admission to their bars and to discipline attorneys who appear before them." Bills v. United States, 11 Fed Appx 342 (2001) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43, 115 L. Ed. 2d 27, 111 S. Ct. 2123 (1991)). However, it is also true that a party has a fundamental right to choose counsel. Audio MPEG, Inc. v. Dell, Inc. 219 F. Supp. 3d 563, 569 (2016) (citing Shaffer v. Farm Fresh, Inc., 966 F.2d 142, 146 (4th Cir. 1992). While this right is secondary to the Court's duty to maintain the integrity of the bar, this duty applies in the context of considering disqualification of an attorney in a particular case. See id.

According to the Court's Memorandum Opinion, it granted Defendants' Motion to Revoke Mr. Haysbert's Pro Hac Vice status based upon:

> ... the combined effect of Mr. Haysbert's misconduct, rules violations, and impact on judicial economy, which is clearly illustrated by the concerns listed in this Opinion, the record, and addressed from the bench on August 14, 2023.

(ECF No. 315). The Court also stated that:

> ... the cumulative effect of Mr. Haysbert's unprofessional conduct, which included violations of the federal rules, local rules, and court rulings, and his impact on judicial economy, warranted the revocation of his pro hac vice status.

Id. The effect of this ruling was to rescind Mr. Haysbert's right to appear and sign pleadings and other filings in the proceeding under Local Rule 83.1(E).

On Day 5 of the trial, the Court asked Mr. McKelvey if he was prepared to take over the case for the purpose of continuing the trial. Day 5 Tr. 59:4-11. The Court suggested that if Mr.

Haysbert's *pro hac vice* status was denied, he would not be able to "participate any further in this case." Id. 59:13-15. Recognizing that Mr. Haysbert's familiarity with the case was central to its overall success, Mr. McKelvey made a point of inquiring of the Court if he would be able to have Mr. Haysbert, not necessarily in the courtroom, but available to point him to certain information, including where it might be in the documents. Id. 59:ll16-24. The Court did not respond to this inquiry. Ultimately, the Court outlined the reasons supporting its decision to revoke Mr. Haybsert's *pro hac vice* status, and declared a mistrial. Except as outlined above, the Court did not indicate, either on the record, or in its Memorandum Opinion, that Mr. Haysbert could not be involved in Plaintiff's case.

### III.    ANALYSIS

The record is not clear as to the Court's precise expectations. While there have been discussions on the record of varying specificity, the Memorandum Opinion itself is relatively sparse in its discussion of the limitations specifically imposed on Mr. Haysbert. (ECF No.: 315).

Clearly Mr. Haysbert cannot file motions, question witnesses, present argument or take other action reserved for counsel of record. Conversely, Mr. Haysbert retained certain ethical obligations to assist Plaintiff upon his discharge from case, including providing her with copies of her file documents and otherwise "tak[ing] all reasonable steps to mitigate the consequences to the client." See Virginia Rules of Professional Conduct 1.16(d); Official Comment 9.

The Court cited numerous bases for its decision to revoke Mr. Haysbert's *pro hac vice,* all involving Mr. Haysbert's personal actions and manner in presenting matters to the Court and Jury. The Court did not articulate the revocation of the *pro hac vice* as a sanction against the Plaintiff. Indeed, the Court repeatedly noted the need weigh Plaintiff's rights to counsel against the Court's need to oversee its proceedings. Mr. Haysbert's privilege to practice before the Court

has been suspended, but the Plaintiff's fundamental right to proceed should not be impaired.

Mr. Haysbert – in addition to being the son of Plaintiff – was lead counsel in her case for over three years. He was the primary point of contact for all of her experts, and was responsible for all aspects of her case, although with the assistance of local counsel once the case was filed. He is the individual most knowledgeable and familiar with the particulars of Plaintiff's slip and fall and resulting injuries, and all aspects of her case, including witness testimony and the previous trial of this case. That is particularly true in light of Mr. McKelvey's death.

Present counsel conducted appropriate diligence before accepting retention, and proceeded with a good faith belief that she was permitted to consult with Mr. Haysbert regarding the information he obtained during his time as counsel – both objective records in the file, but also his impressions and legal theories developed while serving as counsel.

The revocation of Mr. Haysbert's *pro hac vice* had the effect of removing him from the formal mechanics of trying a case (no small matter). It cannot, and should, not be construed as a limitation on his right to interact with the Plaintiff, experts, or current counsel. Any such injunctive effect would go beyond protecting the sanctity of the Court's proceedings, and would infringe upon Plaintiff's fundamental rights of due process and rights to choose counsel.

Mr. Haysbert recognizes that he must be mindful of the limitations on his involvement, including the unauthorized practice of law, and intends to adhere to all such requirements.

WHEREFORE, Plaintiff, Joann Wright Haysbert, by counsel, respectfully requests that this Court clarify or rescind its previous statement that it is in no way appropriate for [Mr. Haysbert] to involve himself in this case in a way in which an attorney would" including not "represent[ing] her related to this case in any way" and for such further relief as is necessary and proper.

Respectfully submitted,

Date: January 24, 2024       By:     _____/s/_____
                                     Mary T. Morgan, Esq.
                                     Virginia State Bar No. 44955
                                     *Counsel for Plaintiff*
                                     PARKER POLLARD WILTON & PEADEN
                                     4646 Princess Anne Road, Unit 104
                                     Virginia Beach, Virginia 23462
                                     Telephone: (757) 384-3166
                                     Facsimile: (866) 212-1310
                                     Email: mmorgan@parkerpollard.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of January 2025, I will electronically file the foregoing with the Clerk of Court using the CM/EMF system, which will send a notification of such filing (NEF) to all counsel of record, including:

John D. McGavin, Esq.
MCGAVIN, BOYCE, BARDOT,
THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
jmcgavin@mbbtklaw.com
*Counsel for Defendants*

                              _____/s/_____
                              Mary T. Morgan, Esq.
                              Virginia State Bar No. 44955
                              *Counsel for Plaintiff*
                              PARKER POLLARD WILTON & PEADEN
                              4646 Princess Anne Road, Unit 104
                              Virginia Beach, Virginia 23462
                              Telephone: (757) 384-3166
                              Facsimile: (866) 212-1310
                              Email: mmorgan@parkerpollard.com

4919-6242-3826, v. 1