UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

JOANN WRIGHT HAYSBERT

    Plaintiff,

v.

BLOOMIN' BRANDS, INC.,
and
OUTBACK STEAKHOUSE OF
FLORIDA, LLC,

    Defendants.

Case No.: 4:24-cv-87

## **FINAL PRETRIAL ORDER**

The parties submitted a proposed final pretrial order on January 9, 2025. ECF No. 34. Thereafter, the Court held a Final Pretrial Conference on January 16, 2025, in which it made several rulings. ECF No. 37. At the Final Pretrial Conference, the Court directed the parties to notify the Court of any exhibits or witnesses that were withdrawn given the Court's rulings. The parties provided the Court with an updated proposed final pretrial order via email, however, certain rulings made by the Court do not appear to be reflected therein. Accordingly, the Court has reviewed the proposed order and created this final document intended to reflect the Court's rulings. The parties are DIRECTED to review this final pretrial order and, if necessary, file a notice indicating any disagreement with the status of the record as set forth below no later than Thursday, January 30, 2025.

## **Stipulation of Undisputed Facts**

The parties, as evidenced by their endorsements to this Final Pretrial Order, stipulate to the following facts as being undisputed between them:

1

1. On May 23, 2018, Defendant Outback Steakhouse of Florida, LLC owned and operated the Outback Steakhouse in Chesapeake, Virginia, located at 4312 Portsmouth Blvd.

2. Plaintiff fell while visiting the Outback restaurant in Chesapeake, Virginia on May 23, 2018.

3. Plaintiff was a business invitee of Outback Steakhouse of Florida, LLC when she entered the Chesapeake Outback Steakhouse on May 23, 2018.

## Legal and Evidentiary Stipulations

The parties, as evidenced by their endorsements to this Final Pretrial Order, stipulate to the following legal and evidentiary issues as being undisputed between them:

1. Jurisdiction and venue is proper.

2. Plaintiff was a business invitee of Outback Steakhouse of Florida, LLC when she entered the Chesapeake Outback Steakhouse on May 23, 2018.

## List of Proposed Witnesses[1]

### A. Plaintiff's Proposed Witnesses and Defendant's Objections

| No. | Witness | Defendant's Objections | Court's Ruling |
|---|---|---|---|
| 1 | Lisa Crosby | | |
| 2 | Norman "Chip" Chase, Jr. | | |
| 3 | Alicia Elefherion | | |
| 4 | Nicholas Seifert | | |
| 5 | Marcus Wilson | | |
| 6 | Joi Myrick | | |
| 7 | Deajah Clark | | |
| 8 | Samantha Gump | | |

---

[1] The Court has included various previous rulings and notes that were not included in the parties' submission to make the final pretrial order consistent with the current standing of the case. These alterations are notated in bold and docket citations refer to the docket in *Haysbert v. Bloomin' Brands, Inc., et al.*, 4:20-cv-121.

| 11 | Dr. Huma Haider, MD<br>6065 Hillcroft St. Suite 202<br>Houston, TX 77081 | Defendant objects as the opinions fail under Rules 702 and 703 and lack of foundation.<br>Court previously reserved ruling until trial. | The parties agreed that Dr. Haider is not being offered as a treating physician. Reserved as to remaining objections. |
|---|---|---|---|
| 12 | Dr. Aaron Filler, M.D., Ph.D., FRCS<br>2716 Ocean Park Blvd., Suite 1007B<br>Santa Monica, CA 90405 | Defendant objects as the opinions fail under Rules 702 and 703 and lack of foundation.<br><br>Defendant also incorporates motions *in limine* filed, ECF 32 and 33, which incorporated ECF 294, 351, and 352 of the prior case.<br>Court previously reserved ruling until trial. | Dr. Filler is excluded from trial under Fed. R. Civ. P. 37(c)(1) for Plaintiff's failure to timely supplement. |
| 13 | Nineveh Haysbert | | |
| 14 | JoAnn Wright Haysbert | | |

### B. Defendant's Proposed Witnesses and Plaintiff's Objections

| No. | Witness | Plaintiff's Objections | Court's Ruling |
|---|---|---|---|
| 1 | Lisa Crosby | | |
| 2 | Alicia Eleftherion | | |
| 3 | Marcus Wilson | | |
| 4 | Neil Pugach, M.D. | Restricted by Motion in Limine Ruling, Dkt. Nos. 234-235. | |
| 5 | Abbot Huang, M.D. | Restricted by Motions in Limine Ruling, Dkt. Nos. 234-235. | |

3

| | | | |
|---|---|---|---|
| 6 | Chris Robinson | Plaintiff objects on the grounds of foundation, relevance, and speculation. Rules 702, 703. Court previously reserved ruling until trial. | The Court previously allowed Mr. Robinson's testimony, with the ability for Plaintiff to impeach. ECF No. 273 at 12. |

### C. Witnesses Defendant May Call if the Need Arises

| No. | Witness | Plaintiff's Objections | Court's Ruling |
|---|---|---|---|
| 1 | Chip Chase | | |
| 2 | Samantha Gump | | |
| 3 | Joy Myrick | | |
| 4 | Nick Seifert | | |

## List of Proposed Exhibits

### A. Plaintiff's Proposed Exhibits and Defendant's Objections

| Pl. Ex. No. | Description | Def. Objections | Court's Ruling |
|---|---|---|---|
| P1 | Haider Demonstratives and Images - Brain Map Animation, including brain cortex localization map | Defendant objects on the grounds of relevance, speculation, foundation, and unfair prejudice. Federal Rules of Evidence 802, 402, 403.<br><br>Defendant also incorporates motions *in limine* filed, ECF 32 and 33 | Overruled. Any demonstratives involving experts must be disclosed to the other party no later than February 19, 2025. If there are objections remaining to demonstratives, the parties must file notice with the Court no later than February 21, 2025, indicating the specific portion of a demonstrative to which there is objection. |

| | | | |
|---|---|---|---|
| P2 | National Brain Injury Institute, Diffusion Tensor Images, By Dr. Aaron Filler, Dated September 18, 2020, and Demonstratives | Defendant objects on the grounds of hearsay, foundation, speculation and relevance. Federal Rules of Evidence 802, 702, 703.<br><br>Defendant also incorporates motions *in limine* filed, ECF 32 and 33<br><br>Court previously reserved ruling on admissibility until trial. | **The Court previously overruled Defendants' hearsay objection to machine generated images. ECF No. 273 at 3.** |
| P3 | Excerpts of National Brain Injury Institute, Life Care Plan for JoAnn Haysbert, By Dr. Huma Haider, Dated June 22, 2021 | Expert report is not properly admissible as evidence, is hearsay, lacks proper evidentiary foundation and requires expert testimony in person. Further, the expert report lacks evidentiary foundation, is speculative and is irrelevant to these proceedings. Federal Rules of Evidence 802, 702, 703.<br><br>~~Plaintiff withdrew this claim at the prior trial and the order granting the voluntary dismissal does not permit these claims to be revived. "Plaintiff may not file previously withdrawn claims for past or future medical specials, a life care plan, or claims for lost earning capacity or future lost wages." ECF 357.~~[2] | **The Court previously reserved as to admissibility and foundation and sustained the hearsay objection to the expert report except as to the summary at the last page of the exhibit. ECF No. 273 at 4. The Court reserved ruling on the admissibility of the summary, pending testimony. ECF No. 286. The Plaintiff agreed to redact the written statement on the last page of the exhibit.** *Id.* |
| ~~P5~~ | ~~Defendant Outback Steakhouse of Florida, LLC's Verified Responses to~~ | ~~Plaintiff offers as exhibits pleadings and discovery responses from the Defendant and Defendant objects on the~~ | This exhibit appears to no longer be relevant |

---

[2] This objection was not previously included in the parties' proposed final pretrial order. *See* ECF No. 34. As such, the objection has been struck by the Court. Additionally, Plaintiff has not suggested that she seeks to reintroduce previously withdrawn claims such as medical specials or lost wages. While the Court previously ruled that the entirety of the life care plan would not be admissible, it reserved ruling on specific, redacted portions of the life care plan and suggested that a redacted summary may be admissible if an adequate foundation was laid. ECF No. 286.

5

| | | | |
|---|---|---|---|
| | ~~Plaintiff's Special Interrogatories~~ | ~~grounds of relevance, probative value, prejudicial impact, cumulative testimony. Federal Rules of Evidence 402, 403.~~ ~~Court previously ruled that private rules cannot be used to fix the standard of care under common law. ECF 273. Plaintiff previously represented that the policy may be used to show Bloomin' Brand's control. However, now that Bloomin' Brands has been dismissed, there is no stated reason for the admissibility of this document.~~ | under Plaintiff's stated theory of admissibility.[3] |
| ~~P6~~ | ~~Outback Steakhouse, "Safety in the Outback – Reference Guide"~~ | Plaintiff offers exhibits identified as policy and practice materials for Outback Steakhouse to which Defendant objects on grounds that internal policies and procedures do not establish standard of care, relevance, foundation and hearsay. Federal Rules of Evidence 402, 403. Court previously ruled that private rules cannot be used to fix the standard of care under common law. ECF 273. Plaintiff previously represented that the policy may be used to show Bloomin' Brand's control. However, now that Bloomin' Brands has been dismissed, there is no stated reason for the admissibility of this document. | *See supra* note 3. |
| ~~P7~~ | ~~Outback Steakhouse, "Best Practices: Prevention of Slips & Falls – General Practices"~~ | Plaintiff offers exhibits identified as policy and practice materials for Outback | *See supra* note 3. |

---

[3]    The Court advised the parties following the Final Pretrial Conference to meet and confer regarding exhibits and to withdraw any exhibits that were no longer relevant given various rulings and motions made. At the Final Pretrial Conference, Plaintiff dismissed Bloomin' Brands as a party. ECF No. 37. Accordingly, exhibits P5–P11 are seemingly no longer pertinent.

| | | | |
|---|---|---|---|
| | | ~~Steakhouse to which Defendant objects on grounds that internal policies and procedures do not establish standard of care, relevance, foundation and hearsay. Federal Rules of Evidence 402, 403.~~ ~~Court previously ruled that private rules cannot be used to fix the standard of care under common law. ECF 273. Plaintiff previously represented that the policy may be used to show Bloomin' Brand's control. However, now that Bloomin' Brands has been dismissed, there is no stated reason for the admissibility of this document.~~ | |
| ~~P8~~ | ~~Outback Steakhouse, "Best Practices: Prevention of Slips & Falls – Proper Housekeeping"~~ | ~~Plaintiff offers exhibits identified as policy and practice materials for Outback Steakhouse to which Defendant objects on grounds that internal policies and procedures do not establish standard of care, relevance, foundation and hearsay. Federal Rules of Evidence 402, 403.~~ ~~Court previously ruled that private rules cannot be used to fix the standard of care under common law. ECF 273. Plaintiff previously represented that the policy may be used to show Bloomin' Brand's control. However, now that Bloomin' Brands has been dismissed, there is no stated reason for the admissibility of this document.~~ | *See supra* note 3. |
| ~~P9~~ | ~~Outback Steakhouse, "Best Practices: Prevention of Slips & Falls – Slip–Resistant Footwear"~~ | ~~Plaintiff offers exhibits identified as policy and practice materials for Outback Steakhouse to which Defendant~~ | *See supra* note 3. |

| | | | |
|---|---|---|---|
| | | ~~objects on grounds that internal policies and procedures do not establish standard of care, relevance, foundation and hearsay. Federal Rules of Evidence 402, 403.~~ ~~Court previously ruled that private rules cannot be used to fix the standard of care under common law. ECF 273. Plaintiff previously represented that the policy may be used to show Bloomin' Brand's control. However, now that Bloomin' Brands has been dismissed, there is no stated reason for the admissibility of this document.~~ | |
| ~~P10~~ | ~~Outback Steakhouse, "Best Practices: Prevention of Slips & Falls—Use of Mats"~~ | ~~Plaintiff offers exhibits identified as policy and practice materials for Outback Steakhouse to which Defendant objects on grounds that internal policies and procedures do not establish standard of care, relevance, foundation and hearsay. Federal Rules of Evidence 402, 403.~~ ~~Court previously ruled that private rules cannot be used to fix the standard of care under common law. ECF 273. Plaintiff previously represented that the policy may be used to show Bloomin' Brand's control. However, now that Bloomin' Brands has been dismissed, there is no stated reason for the admissibility of this document.~~ | *See supra* note 3. |

| | | | |
|---|---|---|---|
| ~~P11~~ | ~~Video, Bloomin' Brands, Inc., "Clean and Safe Floors – Cleaning Up Spills," Runtime 2:46~~ | ~~Plaintiff offers exhibits identified as policy and practice materials for Outback Steakhouse to which Defendant objects on grounds that internal policies and procedures do not establish standard of care, relevance, foundation and hearsay. Federal Rules of Evidence 402, 403.~~ ~~Court previously ruled that private rules cannot be used to fix the standard of care under common law. ECF 273. Plaintiff previously represented that the policy may be used to show Bloomin' Brand's control. However, now that Bloomin' Brands has been dismissed, there is no stated reason for the admissibility of this document.~~ | *See supra* note 3. |
| P12 | Outback Steakhouse, Architectural Floor Plans for Outback Store #4759, 4312 Portsmouth Blvd., Chesapeake, VA 23321, "A111," "A121," and "A131," Dated September 22, 2015 | Defendants object to Plaintiff's offered exhibit of Architectural Floor Plans on the grounds that those documents are hearsay, not relevant and lack probative value. Federal Rules of Evidence 402, 403. | **Previously, the Court noted that Defendants' objections were resolved "subject to counsel redacting reference to camera, video, etc." ECF No. 273 at 6.** |
| P14 | Work Order Request Number 95465523, Dated March 7, 2018 | Defendant objects to Work Order Request Number 95465523 dated March 7, 2018, on the grounds of relevance, materiality and probative value. Federal Rules of Evidence 402, 403, 802. Defendant also incorporates motions *in limine* filed, ECF 32 and 33. Now that Plaintiff has stipulated that Plaintiff did not slip in the area where the work order | Overruled. This work order is admissible as evidence of notice. |

| | | described, Mr. Avrit has been withdrawn as an expert, and there is no evidence that the floor where Plaintiff slipped was wet prior to her fall, Defendant continues to object on the grounds of relevance, materiality and probative value. Federal Rules of Evidence 401, 402, and 403. | |
|---|---|---|---|
| P16 | Reserved - Other Demonstrative and Illustrative Materials, Charts, Summaries of Evidence, and PowerPoint Presentations | Reserved | Reserved. Any demonstratives involving experts must be disclosed to the other party no later than February 19, 2025. If there are objections remaining to demonstratives, the parties must file notice with the Court no later than February 21, 2025, indicating the specific portion of a demonstrative to which there is objection. The parties are directed to meet and confer regarding other demonstratives prior to the start of trial. |
| P17 | Theresa Seibert Affidavit | Defendant objects to the affidavit of Theresa Seibert, on the grounds of hearsay, relevance and foundation. Federal Rules of Evidence 802, 402, 403. | **The Court previously excluded this affidavit except as to possible impeachment purposes. ECF No. 273 at 7.** |

## B. Defendant's Proposed Exhibits and Plaintiff's Objections

| Def. Ex. No. | Description | Pl.'s Objections | Court's Ruling |
|---|---|---|---|
| D1 | Photograph of floor produced by Defendants | Subject to Motion *in Limine* and Ruling, Dkt. No. 235 | |
| D2 | Photograph of shoes produced by Defendants | Subject to Motion *in Limine* and Ruling, Dkt. No. 235 | |
| D3 | Curriculum vitae, Neil Pugach, M.D. | Plaintiff objects on the grounds of hearsay, speculation, foundation, relevance and Rule 403. | Reserved. |
| D4 | Curriculum vitae, Abbot Huang, M.D. | Plaintiff objects on the grounds of hearsay, speculation, foundation, relevance and Rule 403. | Reserved. |
| D5 | Photos of Plaintiff's scar JWH 0079 - 0080 | Subject to Motion *in Limine* and Ruling, Dkt. No. 235 | |
| D6 | Photos of Plaintiff's shoes JWH 0081-0084 | Subject to Motion *in Limine* and Ruling, Dkt. No. 235 | |
| D7 | Photos of Outback 8-16-18 JWH 0085-0087 | Plaintiff objects on the grounds of speculation, foundation, relevance, and Rule 403. | Reserved. **Defendants previously agreed to remove the portion of the photos depicting a camera. ECF No. 273 at 8.** |
| D8 | Labor Punches at Outback May 23, 2018 | | |
| D9[4] | Plaintiff's Medical Record for February 3, 2017 visit | Plaintiff objects on the grounds of hearsay, foundation and Rule 403. | Reserved. |

---

[4] D9-15 are new exhibits. Initially, undersigned believed new exhibits would be permitted, but upon a re-read of ECF 22, it is now unclear whether the Court intended to allow the parties to add additional exhibits, or if the intent was simply to remove. So as to not waive any right to introduce these documents, they have been left on the list. These medical records were discussed with Plaintiff during the prior trial. ECF 319, Trial Tr. Day 3, pp. 332-354. Counsel was intending on introducing the records as impeachment evidence in Defendants' case-in-chief, but the trial did not make it that far. Undersigned included these as exhibits for this trial, in an attempt to present a cleaner and clearer record.

11

|  |  |  |  |
|---|---|---|---|
|  | with Divine Health Care, LLC/Dr. Chinniry |  |  |
| D10 | Plaintiff's Medical Record for February 13, 2017 visit with Divine Health Care, LLC/Dr. Chinniry | Plaintiff objects on the grounds of hearsay, foundation and Rule 403. | Reserved. |
| D11 | Plaintiff's Medical Record for March 13, 2017 visit with Divine Health Care, LLC/Dr. Chinniry | Plaintiff objects on the grounds of hearsay, foundation and Rule 403. | Reserved. |
| D12 | Plaintiff's Medical Record for April 11, 2018 visit with Divine Health Care, LLC/Dr. Chinniry | Plaintiff objects on the grounds of hearsay, foundation and Rule 403. | Reserved. |
| D13 | Plaintiff's Medical Record for May 25, 2018 visit with Medcare | Plaintiff objects on the grounds of hearsay, foundation and Rule 403. | Reserved. |
| D14 | Plaintiff's Medical Record for July 9, 2018 visit with Divine Health Care, LLC/Dr. Chinniry | Plaintiff objects on the grounds of hearsay, foundation and Rule 403. | Reserved. |
| D15 | Plaintiff's Medical Record for September 10, 2018 visit with Divine Health Care, LLC/Dr. Chinniry | Plaintiff objects on the grounds of hearsay, foundation and Rule 403. | Reserved. |
| TBD | 2020 Fundraising Video for Hampton University featuring Plaintiff (offered for impeachment) | Plaintiff objects on the grounds of hearsay, speculation, foundation, relevance and Rules 403, 608. Method and Type of impeachment is not clear and is speculative regarding Plaintiff's expected testimony. Also subject to Motion *in Limine* and Ruling, Dkt. No. 235 | Reserved. |
| TBD | April 2022 Video of Ceremony for retiring President of Hampton University featuring plaintiff's remarks (offered for impeachment) | Plaintiff objects on the grounds of hearsay, speculation, foundation, relevance and Rules 403, 608. Method and Type of impeachment is not clear and is speculative regarding Plaintiff's expected testimony. Also subject to Motion *in Limine* and Ruling, Dkt. No. 235 | Reserved. |

| TBD[5] | Plaintiff's signed employment contract for June 23, 2021 with Hampton University (offered for impeachment) | Plaintiff objects on the grounds of hearsay, relevance, foundation and Rule 403. | Reserved. |
|---|---|---|---|

### Plaintiff's Factual Contentions

Plaintiff, makes the following factual contentions in this case, which are meant only as a summary of her contentions and should not be construed as a verbatim, exclusive recitation of all facts she may seek to prove or move into evidence in this case.

1. Defendant Outback was open to the public for dining on May 23, 2018.

2. Defendant Outback is the owner/operator of the property.

3. Defendant Bloomin' Brands is the franchisor of the property and exercised control over the property.

4. Plaintiff went to Outback on May 23, 2018 to pick up To-Go order and use restroom.

5. Plaintiff was a customer of the restaurant, open to the public, walking in the dining room, also open to the public.

6. Upon entering the Chesapeake Outback Steakhouse, Plaintiff had the right to assume the interior of the restaurant was reasonably safe.

7. Hostess directed Plaintiff toward the restrooms. Plaintiff took two steps in that direction.

8. At this point, Outback had not made reasonable inspection of the floor.

---

[5] This is also new to the list, but was discussed during the prior trial. ECF 319, Trial Tr. Day 3, pp. 366-367.

13

9. Outback cleaned the floor prior to Plaintiff's entry. Outback did not ensure the floor was safe after cleaning it.

10. Outback did not remove a slippery substance that was present when Plaintiff entered the premises, and which Outback knew or should have known was there.

11. Plaintiff was given no oral warning from any Outback employees about the unsafe condition of the floor.

12. At the time and place of Plaintiff's fall, there were no wet floor signs warning of the unsafe condition of the floor; nor was there any carpeting, railing, or other device that would have reduced the danger of a slip and fall.

13. The slickness of the floor was not open or obvious to customers.

14. Defendants owed Plaintiff the duty to exercise ordinary care to have the premises of the Chesapeake Outback Steakhouse in a reasonably safe condition.

15. Defendants owed Plaintiff the duty to remove, within a reasonable time, foreign objects or substances which it either knew or should have known were placed on the floor.

16. Defendants owed Plaintiff the duty to warn her of unsafe conditions which the Defendants knew or should have known existed but were unknown to Plaintiff.

17. Defendants owed Plaintiff the duty to ensure a sanitary environment inside the restaurant.

18. Defendants owed Plaintiff the duty to make sure that no cleaning solution, grease, water, or other moisture was left on the floor where she could slip on it.

19. Defendants owed Plaintiff the duty to warn her that the floor was wet by placing a wet floor sign in the area.

20. Defendants owed Plaintiff the duty to have in place floor mats to ensure no grease, moisture, or other substance was being tracked into the dining room.

21. Defendants owed Plaintiff the duty to adhere to their own policies and procedures regarding guest safety, including proper cleaning of spills in the restaurant.

22. On or about March 7, 2018, Defendants actually knew that the floor in the dining room of the Chesapeake Outback Steakhouse needed to be replaced because it was not refinished correctly and caused lots of slip and falls.

23. Defendants did not change, replace, or repair the floor in the dining room of the Chesapeake Outback Steakhouse between March 7, 2018 and May 23, 2018.

24. At the time of the incident, Defendants had no formal policy or protocol for inspecting the floor for spills or formation of condensation during business hours.

25. At the time of the incident, Defendants had no formal policy or protocol for cleaning spills or formation of condensation or moisture on the floor during business hours.

26. At the time of the incident, Defendants did not employ bussers at the restaurant, and no server assistants were on duty that day.

27. Defendants never had a policy, procedure, or practice for using cleaning logs to record when the floor was cleaned.

28. At the time of the incident, climatological conditions existed which had been previously identified as causing moisture to collect on the floor.

29. On May 23, 2018, Plaintiff slipped and fell in the dining room of the restaurant, with the left side of her body and head striking the floor.

30. Defendants did not warn Plaintiff verbally of the dangerous condition.

31. There were no visible warning signs, including wet floor signs, which would have notified Plaintiff of the dangerous condition.

32. If not for the dangerous condition of the floor, Plaintiff would not have slipped and fell.

33. The dangerous condition of the flooring caused Plaintiff to slip and fall as a natural and probable consequence of the condition of the floor.

34. Plaintiff did not fully understand the nature and extent of the dangerous condition on the floor of the Chesapeake Outback Steakhouse prior to slipping and falling.

35. Plaintiff did not voluntarily expose herself to the dangerous condition the caused her to slip and fall.

36. As a result of the slip and fall, Plaintiff sustained a permanent traumatic brain injury.

37. As a result of the slip and fall, and the resulting brain injury, Plaintiff now suffers from, and will continue to suffer from, physical, neurocognitive, and psychosocial disabilities. By way of example and not of limitation, Plaintiff suffers from headaches; increased sensitivity to light; increased sensitivity to sound; spots in her vision; ringing in the ears; dizziness; memory loss; and anxiety.

38. As a result of the slip and fall, and the resulting brain injury, Plaintiff will incur future costs for medical treatment, personal care, and related expenses in excess of $1,382,000.

**Defendant's Factual Contentions**

Defendants make the following factual contentions in this case, which are meant only as a summary of its contentions and should not be construed as a verbatim, exclusive recitation of all facts it may seek to prove or move into evidence in this case:

1. There was no defect in the area of the restaurant where the Plaintiff fell on May 23, 2018.

2. Outback employees inspected the area immediately after the fall and the floor was clean and dry.

3. An independent witness did not see or feel anything slippery on the floor where the plaintiff fell before or after the plaintiff fell.

4. Defendants' evidence will demonstrate the Plaintiff did not suffer a traumatic brain injury in this case.

**Plaintiff's Statement of Triable Issues**

1. Plaintiff was a business invitee who had the legal right to assume the floor of the Chesapeake Outback Steakhouse was safe for her visit on May 23, 2018. *Cunningham v. Delhaize Am., Inc.*, 2012 U.S. Dist. LEXIS 140655, at *5 (W.D. Va. Sep. 27, 2012) ("Business patrons are invitees of the store owner."); *see Arthur v. Crown Cent. Petroleum Corp.*, 866 F. Supp. 951, 953 (E.D. Va. 1994) (citing *Knight v. Moore*, 179 Va. 139, 145, 18 S.E.2d 266 (1942); *Crocker v. WTAR Radio Corp.*, 194 Va. 572, 574, 74 S.E.2d 51 (1953)) (patrons have the right to assume premises safe).

2. Defendants owed Plaintiff the duty to exercise ordinary care to keep the restaurant in a reasonably safe condition. *See Winn–Dixie Stores, Inc. v. Parker*, 240 Va. 180, 182 (1990) (store owner must maintain premises in reasonably safe condition, remove foreign objects which

it knew or reasonably knew were on the floor within reasonable time, and warn customers of unsafe conditions which it knew or should have known existed).

3. Defendants breached this duty, having actual or constructive knowledge of an inherent, dangerous defect in the twenty-year-old flooring of the dining room of the restaurant, making it more prone to slip and fall incidents, but failing to remedy it in any way or take proper care in cleaning the floor so that it would not become more slick. *See Kribbs v. Wal-Mart Stores E., L.P.*, 2006 WL 1788969, at *4 (E.D. Va. June 27, 2006) (plaintiff must prove defendant had actual or constructive notice, or that the condition was affirmatively made by defendant). *See also Austin v. Shoney's, Inc.*, 254 Va. 134, 486 S.E.2d 285, 288 (Va. 1997) (plaintiff need not prove actual notice); *Memco Stores, Inc. v. Yeatman*, 232 Va. 50, 55 (Va. 1986) (store owner must exercise reasonable care to avoid the "genesis of the danger"); *Harrison v. The Kroger Co.*, 737 F. Supp. 2d 554, 558 (W.D. Va. 2010) (citations omitted) (constructive notice exists if "the condition was noticeable and had existed for enough time to charge the store owner with notice of the hazardous condition.").

4. Additionally, before Plaintiff entered the restaurant, Defendants' employees utilized improper methods to clean the floor where Plaintiff eventually fell, and failed to place any warning signs indicating to patrons that the floor was slick. *Colonial Stores Inc. v. Pulley*, 203 Va. 535, 537 (1962) (store owner with actual or constructive notice of dangerous condition must warn customers)

5. As a direct and proximate result of Defendants' actions or lack thereof, Plaintiff took one or two steps past the hostess stand in the front of the restaurant, slipped on the floor, and slammed the left side of her body and head on the floor. *See Cannon v. Clarke*, 209 Va. 708, 711 (1969) (citations omitted); *Williams v. Joynes*, 278 Va. 57, 62 (2009) (proximate cause is "an act

18

or omission that, in natural and continuous sequence . . . produces a particular event and without which that event would not have occurred."). Defendants eventually replaced the floor months after the incident, and due to complaints from patrons and Defendants' own employees about the slipperiness of the floor.

## Defendant's Statement of Triable Issues

1. Were the defendants negligent?

    a. Was there a foreign substance on the floor at the time of the incident?

    b. Was there any defect in the floor that required notice or a warning to the plaintiff?

    c. Did the defendants have notice of any alleged defect in the floor?

2. Was the plaintiff negligent?

    a. Did she look and did she see any alleged defect?

    b. Did the plaintiff exercise ordinary care for her own safety?

3. Proximate cause

    a. Was any alleged defect the cause of plaintiff's fall?

    b. Was any alleged defect the proximate cause of plaintiff's claimed injuries?

4. Damages

    a. If the jury finds for the plaintiff, what is the amount of her damages?

Entered: 1/24/25

/s/ _Elizabeth W. Hanes_
United States District Judge

The Honorable Elizabeth W. Hanes
United States District Court Judge for the
Eastern District of Virginia

**SEEN AND objected to, to the extent any objection above is overruled:**

 /s/ *Emily K. Blake*
John D. McGavin, Esq. VSB No. 21794
Emily K. Blake, Esq. VSB No. 90562
McGAVIN, BOYCE, BARDOT
  THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, VA 22030
(703) 385-1000 - Telephone
(703) 385-1555 - Facsimile
jmcgavin@mbbtklaw.com
eblake@mbbtklaw.com
*Counsel for Defendants*


**SEEN AND objected to, to the extent any objection Above is overruled:**

 /s/ *Mary T. Morgan*
Mary T. Morgan, Esq.
Virginia State Bar No. 44955
PARKER POLLARD WILTON & PEADEN
4646 Princess Anne Road, Unit 104
Virginia Beach, Virginia 23462
Telephone: (757) 384-3166
Facsimile: (866) 212-1310
Email: mmorgan@parkerpollard.com
*Counsel for Plaintiff*