IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

JOANN WRIGHT HAYSBERT,

    Plaintiff,

v.                                                     Civil Action No. 4:24-cv-87

OUTBACK STEAKHOUSE OF
FLORIDA, LLC,

    Defendant.

# ORDER

The Court held a final pretrial conference in this matter on January 16, 2025. ECF No. 37. At that conference, the court heard argument on several outstanding motions *in limine* and several trial briefs filed by Plaintiff.

For the reasons stated on the record, Defendant's Motions *in Limine*, ECF No. 32, are GRANTED IN PART and DENIED IN PART.[1] The Court ruled as follows on each:[2]

1) Defendant's first Motion *in Limine* to exclude evidence of insurance, incident reports, claims processes, etc. including the question, "Did anyone [from Outback] follow up with Dr. Haysbert" after the slip and fall is GRANTED;

2) Defendant's second and third Motions *in Limine* have been resolved by the parties;

---

[1] The Court's rulings only address the grounds specifically raised by the parties and do not preclude objections, such as lack of foundation, that may arise at trial.

[2] The Court uses the numbering from Defendants' numbered paragraphs in its Motions *in Limine*. ECF No. 32.

3) Defendant's fourth Motion *in Limine* to Exclude Work Order #1 is DENIED, and Defendant's fifth Motion *in Limine* to Exclude Work Order #2 is DENIED as moot given Plaintiff's withdrawal of the exhibit;

4) Defendant's sixth Motion *in Limine* has been resolved by the parties;

5) Defendant's seventh Motion *in Limine* to Exclude the Brain Map Animation for lack of foundation is DENIED, and Defendant's Motion to Exclude the PowerPoint Demonstrative is DENIED;

6) Defendant's eighth Motion *in Limine* to Exclude the testimony of Dr. Filler is GRANTED;[3]

7) Defendant's ninth and tenth Motions *in Limine* have been resolved by the parties;

8) Defendant's eleventh Motion *in Limine* has been resolved by the parties;

9) Defendant's twelfth, thirteenth, fourteenth, and fifteenth Motions *in Limine* have been resolved by the parties.

Plaintiff's pretrial briefs and requested relief are resolved as follows:

1) Plaintiff withdrew her pretrial brief related to the testimony of Plaintiff's treating physicians, see ECF No. 27, as well as her pretrial brief on the admissibility of Work Order #2, ECF No. 29. As such, the relief sought in each brief is DENIED as moot. ECF Nos. 27, 29;

2) For the reasons stated on the record, Plaintiff's brief seeking a ruling on the admissibility of Work Order #1 as evidence of constructive notice is GRANTED. ECF No. 28;

---

[3] This relief was also requested in Defendant's Notice at ECF No. 36. Relief requested in that Notice is GRANTED IN PART AND DENIED IN PART. Defendant's motion to strike Dr. Filler is GRANTED and Defendant's motion to strike Mr. Avrit is DENIED as moot given Plaintiff's withdrawal of Mr. Avrit. ECF No. 36 at 9–10. Defendant's remaining requests for relief are DENIED. *Id.* at 10–12.

3) Plaintiff's brief seeking a ruling on Dr. Filler's admissibility was GRANTED, ECF No. 30, however, it is now moot given the Court's subsequent exclusion of Dr. Filler;

4) Plaintiff's brief seeking a ruling on the admissibility of the brain map animation demonstrative is RESERVED. ECF No. 31. The parties were directed to share any demonstratives with the other party no later than Wednesday, February 19, 2025. If there are objections remaining to demonstratives, the parties must file notice with the Court no later than February 21, 2025, indicating the specific portion of a demonstrative to which there is objection;

5) Plaintiff's brief seeking a ruling on the admissibility of the declaration and testimony of Nineveh Haysbert is DENIED on the basis that such testimony is inadmissible hearsay, and Plaintiff has not established that an exception to the rule against hearsay applies. ECF No. 27;

6) Plaintiff made an oral motion at the Final Pretrial Conference to dismiss Defendant Bloomin' Brands—that motion is GRANTED and Defendant Bloomin' Brands is DISMISSED.

The Clerk is DIRECTED to send a copy of this Order to all counsel of record.

It is so ORDERED.

/s/
Elizabeth W. Hanes
United States District Judge

Newport News, Virginia
Date: January 24, 2025

3