IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | | |
|---|---|---|
| JOANN WRIGHT HAYSBERT | ) | |
|     Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| BLOOMIN' BRANDS, INC., et al. | ) | Case No.: 4:24-cv-00087-EWH-RJK |
| | ) | |
|     Defendants. | ) | |

**DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER ORDER EXCLUDING PLAINTIFF'S EXPERT WITNESS**

COMES NOW, that the Defendant, Outback Steakhouse of Florida, LLC, by counsel, and for its Brief in Opposition to Plaintiff's Memorandum in Support of a Motion to Reconsider an Order Excluding Plaintiff's Expert Witness, states as follows:

**I.     Standard of Review.**

In this Motion, Plaintiff challenges and seeks review of a decision by the trial court to grant an appropriate sanction excluding Dr. Filler from the trial of this case. The decision to exclude Dr. Filler can only be overturned on appeal under the standard of abuse of discretion. *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494, 505-506 (4th Cir. 1977). In this case, the trial court has broad discretion in applying a sanction. Factors that the court can consider are outlined in *Anderson v. Foundation for Advancement* cited by Plaintiff on brief at 155 F.3d 500 (4th Cir. 1998). In *Anderson*, the court reiterated the four part test for determining whether sanctions should be imposed under Rule 37, which are (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice that noncompliance caused the adversary; (3) the need for deterrence of the particular sort of noncompliance; and (4) whether less drastic sanctions would have been effective. Id at 503-505.

1

## II. Relevant Procedural History.

The record in this case is replete with the relevant procedural history, which resulted in a mistrial, counsel having a pro hac vice admission revoked and removed from this case. Over the Defendant's objection, the Plaintiff was allowed to voluntarily dismiss this case and bring the case back with certain conditions, including that the experts were locked in their opinions. The Defendant has complied with that requirement. The attorney, and son of the Plaintiff has not. Throughout these proceedings, Ms. Morgan who represents the Plaintiff now has repeatedly revealed that documents have not been provided to her by Mr. Haysbert. He has remained involved in this case. In fact, there is a pending Motion to clarify the role of Mr. Haysbert at the trial of this case.

This most recent episode involving Dr. Filler is further evidence of the repeated bad faith, in violation of this Court's orders, which have caused prejudice to the Defendant, tainted any evidence that might be presented from Dr. Filler, and show a persistent pattern of complete disregard of the Court's orders.

## III. Argument.

On brief, Plaintiff alleges that her "prior neurologist Dr. Chinnery had unexpectedly died." This assertion is not verified by any affidavit and is argued by counsel. Moreover, Dr. Chinnery was a family physician and he was not a neurologist. He was succeeded in his practice by his daughter and the record in this case reflects notes that go back several years to the treatment by Dr. Chinnery's daughter. The argument that it was "natural and not in any way improper" for Plaintiff to seek treatment from Dr. Filler is patently unsupported by any evidence in this record. Dr. Filler is located in Los Angeles, there are multiple physicians in Virginia that are certainly qualified to treat the Plaintiff. The obvious implication of what happened here in this case is that

2

**McGavin, Boyce, Bardot, Thorsen & Katz, PC**
9990 Fairfax Boulevard, Suite 400 | Fairfax, VA 22030 | Tel: 703.385.1000 | Fax: 703.385.1555

Dr. Filler's opinions at the trial were excluded in part because Dr. Filler had never treated the Plaintiff, only reviewed diagnostic studies and could not relate anything in any diagnostic studies to the condition of the Plaintiff. In an obvious effort to remedy that situation, Plaintiff was evaluated by Dr. Filler, who then prepared a report suitable for litigation, a forensic report. Incredibly, Mr. Haysbert, to whom the report was apparently sent, withheld the report for one year. Further, Plaintiff argues there is "no evidence" in the record as to when Plaintiff actually received a copy of the 2024 evaluation report prepared by Dr. Filler. The absence of any evidence in that regard harms the Plaintiff and goes directly to the involvement of Nazareth Haysbert. Mr. Haysbert has remained involved and is the subject of the Motion by the Plaintiff to permit him to assist counsel. Ms. Morgan, who has taken over this case cannot merely claim ignorance regarding this report. It was prepared in January 2024. What we do know is there was a report prepared shortly after the Court granted the Motion to Dismiss, that from the time of the mistrial and the time of that report, it was never produced to the Defendant until January 10, 2025. Counsel's argument that she didn't have it and therefore somehow could not have produced it before the date of January 10, 2025 is not acceptable. Further, it is unclear whether Dr. Haider has seen this report and/or consulted with Dr. Filler. It may be that Dr. Haider is now tainted by her review of these supplemental records and findings. None of this is known to the defense but what is obvious is that the Plaintiff secured a second forensic evaluation and failed to disclose it. In *Anderson*, the court noted the following:

> The district court's opinion adequately supports a conclusion that the Foundation acted in bad faith. The Foundation stonewalled on discovery from the inception of the lawsuit. The district court noted the Foundation's inconsistent answers as to why it missed discovery deadlines and its continued failure to miss the deadlines despite adequate warnings from the court. The Foundation now contends that its failures were due to changes in attorneys and simple attorney error. The Foundation also asserts that it told opposing counsel sometime after April 23 that no further documents

3

existed, though it could not document that conversation. The Foundation completely fails to explain why it filed only a belated response to the court's May 1 discovery order and no response whatsoever to the court's May 15 order. Id at 504-505.

In this case, Ms. Morgan offers no explanation for the delay in producing this report. She asserts that "there is no evidence that Dr. Haysbert knew about the report." This argument fails to recognize that Dr. Haysbert went to the appointment and had the treatment. Presumably, counsel was discussing with Dr. Filler his appearance at the trial before January 10, 2025 and the testimony that he might offer. Likewise, the information we have from Ms. Morgan is that she had to get the report from Mr. Haysbert. If that is true, then it is obvious why the report was not produced, Mr. Haysbert withheld it.

There is a pattern in this case that goes back years and was repeated through the trial in 2023, leading to the ultimate frustration of counsel and the Court and the ultimate resolution there. Now, Ms. Morgan seems to take the position that she wants Mr. Haysbert involved, that Mr. Haysbert needs to be involved, that Mr. Haysbert is protecting the interests of Dr. Haysbert. These arguments are insufficient. When Ms. Morgan elected to enter this case as counsel, she had the full opportunity to review the record and had several months to review the record to respond to the motion for sanctions from the time it was originally filed in the fall of 2023 until she submitted her brief. Consequently, Ms. Morgan was well aware of what happened during these proceedings and the misconduct of Mr. Haysbert. If there is any question about the impact on the defense, it should be evident that this case is coming back to trial and Plaintiff is attempting to offer an expert whose opinion is now supplemented by an examination in January 2024 for a report that was not provided until 2025. The issue is not who was at fault in failing to provide it, the issue is whether the Defendant is prejudiced. The Defendant is prejudiced. The Defendant is prejudiced and there is no alternative remedy. Dr. Filler's testimony will be unreasonably tainted by his examination.

**McGavin, Boyce, Bardot, Thorsen & Katz, PC**
9990 Fairfax Boulevard, Suite 400 | Fairfax, VA 22030 | Tel: 703.385.1000 | Fax: 703.385.1555

His cross-examination will include statements for which he will have to give false testimony. He will have to say yes. There is no way in this case to filter out these opinions. His opinions are completely new, just like they are for Dr. Avrit. Previously, Dr. Filler had no basis for opinions regarding the Plaintiff's current condition because he never examined her. He spoke only about diagnostic studies. Now, he is completely offering a new opinion, his testimony will be inextricably tainted and it is completely unfair to allow this type of repeated misconduct, production of a report this late without an appropriate sanction.

The Court should deter this sort of noncompliance and there is no lesser sanction that would be effective.

### IV.     Conclusion.

The Court should deny the Motion to Reconsider. The Court did not abuse its discretion in excluding Dr. Filler and that would be the test on any appeal to the Fourth Circuit.

                                                                        **OUTBACK STEAKHOUSE**
                                                                        **OF FLORIDA, LLC**
                                                                        By Counsel

McGAVIN, BOYCE, BARDOT,
  THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, VA 22030
Telephone:    (703) 385-1000
Facsimile:    (703) 385-1555

  /s/ John D. McGavin
John D. McGavin (VSB 21794)
Emily K. Blake (VSB 90562)
jmcgavin@mbbtklaw.com
eblake@mbbtklaw.com
*Counsel for Defendant*

5

McGavin, Boyce, Bardot, Thorsen & Katz, PC
9990 Fairfax Boulevard, Suite 400 | Fairfax, VA 22030 | Tel: 703.385.1000 | Fax: 703.385.1555

## CERTIFICATE OF SERVICE

      I hereby certify that on February 6, 2025, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record, including:

    Mary T. Morgan, Esq.
    PARKER POLLARD WILTON & PEADEN
    4646 Princess Anne Road, Unit 104
    Virginia Beach, Virginia 23462
    Telephone: (757) 384-3166
    Facsimile: (866) 212-1310
    Email: mmorgan@parkerpollard.com
    *Counsel for Plaintiff*

                                                   /s/ John D. McGavin
                                               John D. McGavin (VSB 21794)

6

**McGavin, Boyce, Bardot, Thorsen & Katz, PC**
9990 Fairfax Boulevard, Suite 400 | Fairfax, VA 22030 | Tel: 703.385.1000 | Fax: 703.385.1555