UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*Newport News Division*

JOANN WRIGHT HAYSBERT,

        Plaintiff,

v.                                 Civil Action No.: 4:24-CV-87

OUTBACK STEAKHOUSE OF
FLORIDA, LLC, AND
BLOOMIN' BRANDS, INC. et al.,

        Defendants.

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO RECONSIDER EXCLUSION OF PLAINTIFF'S EXPERT WITNESS**

COMES NOW, Plaintiff Joann Wright Haysbert ("Plaintiff"), by current counsel ("Counsel" or Current Counsel") and files her Reply to the Memorandum in Opposition ("Opposition") filed by Defendant Outback Steakhouse of Florida, LLC ("Defendant") (ECF 45) in opposition to Plaintiff's Motion to Reconsider (ECF 43) the exclusion of Plaintiff's designated expert witness Aaron Filler, M.D. ("Dr. Filler")(ECF 41 and 42).

**Standard of Review**

Defendant argues that *Anderson v. Foundation for Advancement*, 155 F.3d 500 (4th Cir. 1998) sets forth the relevant standard in this matter. See *Opposition*, p. 1 (ECF 45).[1] Plaintiff concurs. Plaintiff further agrees that the *Anderson* standard includes four (4) prongs for consideration: (i) "bad faith" of the noncomplying party; (ii) prejudice caused to the moving party; (iii) the need for deterrence of the types of conduct in question; and (iv) whether less drastic

---

[1] As noted in Plaintiff's Memorandum in Support of Motion to Reconsider (ECF 44), the standard for "automatic sanctions" under Fed.R.Civ.P. 37(C) is different and involves a burden shift to non-moving party to demonstrate that failure to supplement discovery was either substantially justified or harmless. See e.g. S*outhern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 595 (4th Cir. 2003).

sanctions would suffice. The parties do not appear to disagree as to what standard should be applied; their disagreement involves the precise application of the standard to the current facts.

**Alleged Bad Faith of Plaintiff Joann Haysbert**

This Court expressly and unequivocally awarded sanctions under Fed.R.Civ.P. 37(c)(1) <u>for failure to timely supplement</u>. See e.g. Tr. 70:12-15[2]; *Final Pretrial Order* Sec. A(12) (ECF 41). Fed.R.Civ.P. 37(C)(1) is a tightly drafted Rule of procedure governing a narrow set of discovery issues. It is not a Rule of general applicability authorizing sanctions in broad circumstances. Nothing in the Court's rulings indicated an intention to extend sanctions beyond the Plaintiff's failure to produce the 2024 Evaluation Report earlier than January 10, 2025. As such, the only relevant question implicated in the "bad faith" prong of the *Anderson* standard is whether Plaintiff's failure to supplement was made in bad faith. Specifically, does Plaintiff's failure to produce the 2024 Evaluation Report[3] for the seven (7) months between June 11, 2024 (the filing of the Current Case) and January 10, 2025 evidence "bad faith"? Plaintiff contends that under the circumstances detailed in Plaintiff's prior Memorandum in Support, there is no plausible evidence of bad faith.

Defendant addresses Plaintiff's delay in supplementing the Designation, raising various contentions and suggestions of how and why Plaintiff and Current Counsel should be held accountable for the delay. On such substance, Plaintiff stands on its prior memoranda, pleadings and oral argument, and on the overall record of the case.

However, while Defendant references the particulars of Plaintiff's delay in supplementing discovery, that is hardly the focus of Defendant's Opposition. Instead, (like it did during its oral

---

[2] References are to Transcript of final pretrial hearing conducted January 16, 2025.

[3] Unless otherwise defined, capitalized terms will have the meaning ascribed in Plaintiff's Memorandum in Support (ECF 44).

presentation at the hearing on January 16, 2025) Defendant has chosen to focus primarily on the role and actions of Plaintiff's prior counsel Mr. Nazareth Haysbert, Esq.  A simple word search reveals no fewer than ten (10) discrete references to Nazareth Haysbert within Defendant's five (5) page Opposition, and the most hyperbolic elements of Defendant's presentation are reserved for its descriptions and discussions of Mr. Haysbert.

Mr. Haysbert never served as counsel for Plaintiff in this Current Case. Mr. Haysbert served no role in Plaintiff's efforts or failures to supplement discovery and expert designations between June of 2024 and January of 2025. Mr. Haysbert's prior representation in this case is irrelevant to the question of whether alternative sanctions are appropriate against the Plaintiff under Fed.R.Civ.P. 37(c)(1) for failing to promptly supplement her expert Designation.

Defendant's fixation on Nazareth Haysbert is a practiced tactic and it appears calculated to obscure the weaknesses in the remainder of Defendant's position.  The inescapable fact is that Plaintiff's failure to provide Defendant with a copy of the 2024 Evaluation Report prior to January 10, 2024 may have objectively constituted a violations of Fed.R.Civ.P 26(e) and Fed.R.Civ.P. 37(C), but all evidence suggests that such actions were subjectively innocent. There is no competent evidence of malice or sharp practice and the Court's oral and written rulings regarding the sanctions do not recite any findings that Joann Haysbert acted in bad faith.  Nazareth Haysbert's conduct before this Court was the subject of multiple prior formal motions and inquiries. Mr. Haysbert's ongoing connection to the case, if any, is the subject of Plaintiff's pending Motion to Clarify or Rescind. (ECF 40). There has been no shortage of judicial resources allocated to such matters. However, Mr. Haybsert's actions and/or omissions have no connection or relevance to whether alternative sanctions are appropriately levelled against his former client under Fed.R.Civ.P. 37(c)(1).

**Alleged Prejudice to Defendant**

Defendant contends that "[t]he issue is not who was at fault in failing to provide it [the 2024 Evaluation Report], the issue is whether the Defendant is prejudiced". *Opposition* p. 4 (ECF 45).[4] However, despite identifying prejudice as the bedrock issue in dispute, Defendant cites no factual evidence, no statutory authority, no case precedent, no scholarly commentary and only scant and summary argument in support of its contention that it will suffer prejudice if Dr. Filler is permitted to testify.

Defendant has repeatedly argued that Dr. Filler has been "tainted" – first in writing in Defendants Objections to Supplemental Report (ECF 36), and thereafter at oral argument. Tr. 40:19-41:1; 42:13-21; 44:2-6; 53:5-15; 68:11-21. Plaintiff exhaustively addressed that "taint" argument in her Memorandum in Support, dedicating an entire subsection to the issue. See *Memorandum in Support*, pp. 14-15 (ECF 44). Plaintiff specifically challenged Defendant's lack of authority and factual support. Given time and opportunity to respond, Defendant has mustered nothing but hyperbolic overstatement in response.[5] Defendant's "taint" argument is without legal and factual support and does not hold up to logical scrutiny.

**Need for Deterrence**

Defendant offers no discernible argument in connection with the third prong of the

---

[4] Plaintiff agrees with Defendant to a point... *Anderson* sets out a four (4) part test, of which prejudice to the injured party is only one element. The question of "who is responsible" is plainly relevant to the first *Anderson* prong of "bad faith".

[5] By non-exclusive example, note Defendant's statement that:

> Dr. Filler's testimony will be unreasonably tainted by his examination [of the Plaintiff, as a medical patient in January of 2024]. His cross-examination will include statements for which he will have to give false testimony. He will have to say yes.

*Opposition*, p. 5 (ECF 45). Defendant's soliloquy is nonsensical. No circumstance in this case will compel Dr. Filler to lie under oath. It is a simple matter for the Court to instruct counsel to only inquire as to information Dr. Filler included in his original, timely filed, Designation, and it is a simple matter for the Court to instruct Dr. Filler to only testify as to the opinions originally disclosed. There are well-established, time-tested remedies available to the Court to police the issue if one side or the other chooses to disregard proper instruction.

4

*Anderson* test. Plaintiff rests on her prior arguments that the circumstances in this case are utterly unique, and that the Current Case is a particularly poor vehicle for the Court to employ as a cautionary admonition to future litigants.

## Available Alternative Remedy

Defendant blankly recites that no alternative remedy exists, but fails to provide any substantive argument, factual statement or citation to authority for its position. See e.g. *Opposition* p. 4 (ECF 45). Conversely, Plaintiff has described at least three (3) remedies, any of which would be more than sufficient to protect the legitimate interests of Defendant:

First, as noted in S*outhern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 595 (4th Cir. 2003), Fed.R.Civ.P. 37(c)(1) provides for "automatic sanctions" whereby the untimely supplemental materials are excluded from trial. In cases like this where the information that was not timely produced benefits the party who has failed to produce the materials, *Southern States* holds that striking the offending materials is ordinarily a sufficient sanction. *Id*. at 595 fn 2., citing *Moore's Federal Practice* §§ 37.69[2][b]. 37.61 (3d. ed. 2002); and Fed.R.Civ.P. 37(C) advisory committee note (1993). The Court does not need to craft additional alternative sanctions where the "automatic sanction" is clearly sufficient.

Second, as noted previously in Plaintiff's Memorandum in Support and in this Reply Memorandum, the Court can offer limiting instructions to counsel, the witnesses and the jury as necessary. It is not inordinately complicated or difficult to advise Dr. Filler to restrain his testimony to the precise opinions disclosed in the timely Designation, nor is it difficult to admonish counsel to refrain from questioning Dr. Filler on information he may have obtained through the subsequent tele-health appointment in January of 2024.

Third, as previously suggested, the Court could simply allow Plaintiff to read in Dr. Filler's

5

prior testimony given before a jury at trial in August of 2023 in lieu of live testimony. There is no possible way that such testimony could be "tainted" by a tele-health appointment conducted by Dr. Filler five (5) months after his initial testimony. Dr. Filler's 2023 testimony is fixed in amber. It was tested by Defendant's cross-examination, and it necessarily stands or falls on the strength of the original opinion and the support Dr. Filler recited for such opinion. There is no plausible basis to argue that such testimony will unduly prejudice the Defendant at this late date.

## Conclusion

*Anderson v. Foundation for Advancement*, 155 F.3d 500 (4th Cir. 1998) provides the appropriate standards and test by which the Court should evaluate sanctions under Fed.R.Civ.P. 37(C)(1). However, Defendant is unable to show that the facts in the present case meet any one of the four (4) prongs described in *Anderson.* As such, Plaintiff respectfully avers that the sanctions awarded by the Court in this matter are not commensurate with Plaintiff's actions. Unfortunately, such sanctions, as issued, fundamentally deprive Plaintiff of her right to present her case to the Jury, and function to perpetuate a manifest injustice. Plaintiff respectfully requests that this Court modify its award of sanctions to limit such sanctions to striking and excluding the 2024 Evaluation Report and any testimony which relies on such report.

Respectfully submitted,

Date: February 11, 2025   By:   _____/s/_____
Mary T. Morgan, Esq.
Virginia State Bar No. 44955
*Counsel for Plaintiff*
PARKER POLLARD WILTON & PEADEN
4646 Princess Anne Road, Unit 104
Virginia Beach, Virginia 23462
Telephone: (757) 384-3166
Facsimile: (866) 212-1310
Email: mmorgan@parkerpollard.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of February 2025, I will electronically file the foregoing with the Clerk of Court using the CM/EMF system, which will send a notification of such filing (NEF) to all counsel of record, including:

John D. McGavin, Esq.
MCGAVIN, BOYCE, BARDOT,
THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
jmcgavin@mbbtklaw.com
*Counsel for Defendants*

_____/s/_____
Mary T. Morgan, Esq.
Virginia State Bar No. 44955
*Counsel for Plaintiff*
PARKER POLLARD WILTON & PEADEN
4646 Princess Anne Road, Unit 104
Virginia Beach, Virginia 23462
Telephone: (757) 384-3166
Facsimile: (866) 212-1310
Email: mmorgan@parkerpollard.com

4909-4405-9161, v. 2