UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

JOANN WRIGHT HAYSBERT,

    Plaintiff,

    v.                                                             Civil Action No. 4:24-cv-87

OUTBACK STEAKHOUSE OF
FLORIDA, LLC,

    Defendant.

## MEMORANDUM ORDER

This matter is pending before the Court on Plaintiff Joann Haysbert's Motion to Clarify or Rescind. Mot., ECF No. 40. Plaintiff requests that the Court clarify or rescind its previous statements relating to Attorney Nazareth Haysbert's involvement in the case following the revocation of his *pro hac vice* status. Mot. at 5 (quoting Final Pretrial Conference Tr. at 66:12–16). For the reasons stated below, Plaintiff's Motion to Clarify or Rescind, ECF No. 40, is GRANTED IN PART and DENIED IN PART.

### I.    BACKGROUND

This case was originally before this Court beginning in July 2020. *See Haysbert v. Bloomin' Brands, Inc., et al.*, No. 4:20-cv-121. Plaintiff was represented by Nazareth Haysbert, admitted *pro hac vice*, as well as by local counsel. *Id.*, ECF No. 13. After several days of trial, the Court revoked Mr. Haysbert's *pro hac vice* status and granted a mistrial, finding that "the cumulative effect of Mr. Haysbert's unprofessional conduct . . . warranted the revocation of his pro hac vice status." *Id.*, Mem. Op. at 5, ECF No. 315. While revoking Mr. Haysbert's *pro hac vice* status, the Court stated: "[I]f his *pro hac vice* status is denied, he cannot participate any further

in this case." *Id.*, Trial Tr. Vol. 5, 892:13–15, ECF No. 321. The Court further clarified the scope of its Order during a May 15, 2024, hearing while discussing Mr. Haysbert's ongoing participation in this case, noting:

> It should be self-evident from the revocation of the *pro hac vice*, but even if it wasn't self-evident, Judge Smith at trial, after revoking Mr. Haysbert's *pro hac vice*, said . . . "but you know if his pro hac vice is denied, he cannot participate further in this case." So I think that's a very clear order of the Court.

*Id.* at May Hr'g Tr. 73:6–12, ECF No. 367. The Court again stated in a July 8, 2024, hearing that in the Court's view, "asking another party to agree to [the voluntary dismissal] request is quintessentially a task of an attorney," admonishing Mr. Haysbert that he "can't be involved in the litigation." *Id.* at July Hr'g Tr. 34:12–23, ECF No. 379. Immediately afterwards, the Court again warned Mr. Haysbert:

> I want to be very clear and to ensure that you understand that appearing on a meet and confer, advising your mother or engaging with the other attorneys, that's the practice of law as it relates to this case, and I do not think that that would be appropriate or permitted given the revocation of your *pro hac vice*.

*Id.* at 35:4–9. Mr. Haysbert's involvement in this matter arose again during the Final Pretrial Conference ("FPTC"). Specifically, it became apparent during the FPTC that Mr. Haysbert, following the revocation of his *pro hac vice* status, had communicated with at least one expert in the case regarding perceived deficiencies in his report, sought at least one amended expert opinion, and received amended expert reports. FPTC Tr. 31:21–38:14, ECF No. 39. The reports were not disclosed to Defendants until they were received by Plaintiff's current counsel nearly a year after they were completed. *Id.* Plaintiff's current counsel disclosed the reports. *Id.*

During the FPTC, the Court again reiterated that it is "in no way appropriate for [Mr. Haysbert] to involve himself in this case in a way in which an attorney would. He can't represent her related to this case in any way." *Id.* at 66:13–15. The Court further clarified: "It would not be appropriate to communicate with witnesses or experts in the case regarding their testimony and

2

their expert opinions. That is legal representation." *Id.* at 67:2–5. Following the FPTC, Plaintiff filed the instant motion seeking to clarify or rescind the Court's orders regarding Mr. Haysbert's participation in this matter. Mot. at 5.

## II. DISCUSSION

To the extent that further clarification is needed, Mr. Haysbert is prohibited from participating in this matter in the capacity of an attorney. The Court will not rescind its previous orders reiterating the same. Accordingly, the Court grants Plaintiff's request to clarify and denies her request to rescind the Court's order.

The Court has "the power to control admission to its bar and to discipline attorneys who appear before it." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). It did so here by revoking Mr. Haysbert's *pro hac vice* status. *See generally Thomas v. Cassidy*, 249 F.2d 91, 92 (4th Cir. 1957) (noting that *pro hac vice* status "is not a right but a privilege"). Following the revocation of his *pro hac vice* status, Mr. Haysbert was no longer authorized to practice in this Court and could not "appear[] before, or sign[] pleadings or other filings with the Court." E.D. Va. Loc. Civ. R. 83.1(G).

Mr. Haysbert, as a lawyer who is not licensed to practice law in the Commonwealth of Virginia, is prohibited from the unauthorized practice of law. *See* Va. Sup. Ct. R. Part 6 § 1. Although Mr. Haysbert recognizes that he is bound by these rules, his Motion fails to discuss how these rules define and limit his ability to be involved in this case as, effectively, a layperson. In Virginia, an individual practices law when: (1) he "undertake[s] for compensation, direct or indirect, to give advice or counsel to an entity or person in any manner involving the application of legal principles to facts;" (2) "select[s], draft[s] or complete[s] legal documents or agreements which affect the legal rights of an entity or person;" (3) "represent[s] another entity or person

before a tribunal;" or (4) "negotiate[s] the legal rights or responsibilities on behalf of another entity or person." *See id.*; *see also Commonwealth v. Jones & Robins*, 41 S.E.2d 720, 722–23 (Va. 1947). Foreign lawyers, such as Mr. Haysbert, are permitted, however, to engage in certain actions, to include "working as a paralegal or providing other administrative support under the direct supervision of a licensed attorney." Va. Sup. Ct. R. Part 6 § 1 at 3(N).

Given the revocation of Mr. Haysbert's *pro hac vice*, Mr. Haysbert is prohibited from the following as it relates to this case:

- appearing before,[1] or signing pleadings or other filings with the Court;
- giving advice or counsel to an entity or person in any matter involving the application of legal principles to facts;
- selecting, drafting, or completing legal documents or agreements;
- negotiating the legal rights or responsibilities on behalf of another entity or person.

As such, the Court has previously admonished both Plaintiff and Mr. Haysbert that he was not allowed to participate in this case as an attorney. *See Haysbert v. Bloomin' Brands, Inc., et al.*, No. 4:20-cv-121, ECF Nos. 321, 367, 379; *see also* ECF No. 39. And although Mr. Haysbert asserts that he is "mindful" of these limitations, he previously appeared on a meet and confer with opposing counsel and requested, on behalf of Plaintiff, that Defendants consent to a voluntary

---

[1] In other contexts, courts have clarified what type of conduct should be characterized as "appearing" before the court, thus requiring a *pro hac vice* admission. The courts in those cases distinguish between attorneys who merely consulted in a case and those who actively participated in litigation. *See e.g.*, *Bilazzo v. Portfolio Recovery Assocs., LLC*, 876 F. Supp. 2d 452, 461–69 (D.N.J. 2012); *Gsell v. Rubin & Yates, LLC*, 41 F. Supp. 3d 443, 448–52 (E.D. Pa. 2014); *Clayton v. City of Oxford*, No. 3:21-cv-174, 2021 WL 4699182, at *1–3 (N.D. Miss. Oct. 7, 2021). Included among the factors that courts look to are whether the attorney had direct client contact, contact with opposing counsel, signed or drafted portions of pleadings, or acted outside of any supervision or management of an attorney admitted to appear. *See New Century Found. v. Robertson*, No. 3:18-cv-839, 2019 WL 6492901, at *5 (M.D. Tenn. Dec. 3, 2019).

dismissal. July Hr'g Tr. 35:4–9. In the Court's view, this conduct describes the negotiation of the legal rights of another person. Similarly, consulting with a retained expert to modify an expert report appears to involve providing "advice or counsel" to a "person in any matter involving the application of legal principles to facts." Va. Sup. Ct. R. Part 6 § 1. The Court reiterates its order that Mr. Haysbert may not participate in this matter *in the capacity of an attorney*. The Court interprets that guidance to be consistent with the guidance provided above but will also address some of Plaintiff's additional arguments.

Although not discussed or raised by Plaintiff, the Rules of the Supreme Court of Virginia provide that a foreign attorney may "[w]ork as a paralegal or provid[e] other administrative support *under the direct supervision of a licensed attorney*." *Id.* at 3(N) (emphasis added). Although other exceptions permit the practice of law, this exception (permitting paralegal and administrative work) does not. *Id.* The application of this exception also requires the direct supervision of the foreign attorney by a licensed attorney. The reason for such a rule is apparent—the supervision of a licensed attorney allows the Court and opposing counsel to easily identify the individual responsible not only for the case but also for ensuring that the case is litigated in accordance with the Court's rules. The Court has concerns over whether Mr. Haysbert will heed the parameters of this exception, however, the Court finds that Mr. Haysbert could assist current counsel under this exception by providing paralegal or other administrative support under the direct supervision of current counsel.

Plaintiff argues that revocation of Mr. Haysbert's *pro hac vice* "cannot, and should[] not be construed as a limitation on his right to interact with the Plaintiff, experts, or current counsel." Mot. at 5. This is a strawman. Mr. Haysbert is not prohibited from interacting with Plaintiff, experts, or current counsel in the manner that any layperson could do so. But his actions are limited

5

in this case as a result of the revocation of his *pro hac vice* status and the prohibition on the unauthorized practice of law. That is the distinguishing line.

### III. CONCLUSION

The Court expects Mr. Haysbert to heed its repeated orders that he may not participate in this matter as an attorney as participation in this litigation would amount to appearing before the Court in violation of the revocation of his *pro hac vice* status. As explained above, the Court cannot discern any inconsistencies between its prior comments and its Order here. Accordingly, the Court denies Plaintiff's motion to rescind prior orders. For the reasons stated above, Plaintiff's Motion to Clarify or Rescind, ECF No. 40, is GRANTED IN PART and DENIED IN PART. The Clerk is DIRECTED to send an electronic copy of this Order to all counsel of record.

IT IS SO ORDERED.

/s/
Elizabeth W. Hanes
United States District Judge

Newport News, Virginia
Date: February 19, 2025