UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

JOANN WRIGHT HAYSBERT,

    Plaintiff,

    v.                                          Civil Action No. 4:24-cv-87

OUTBACK STEAKHOUSE OF
FLORIDA, LLC,

    Defendant.

## MEMORANDUM ORDER

This matter is before the Court on Plaintiff, Joann Haysbert's Motion to Reconsider Order Excluding Plaintiff's Expert Witness. Mot., ECF No. 43. For the reasons stated below, Haysbert's Motion, ECF No. 43, is DENIED.

## I. BACKGROUND

During the previous iteration of this case, Haysbert disclosed Dr. Aaron Filler as an expert witness. Mem. Supp. at 2, ECF No. 44. Dr. Filler subsequently testified at trial on August 10, 2023. *See Haysbert v. Bloomin' Brands, et al.*, 4:20-cv-121, ECF No. 319 at 408. Ultimately, that trial ended in a mistrial on August 14, 2023, and Haysbert's previous counsel's *pro hac vice* admission was revoked. *Id.* at ECF No. 315. Haysbert filed a Motion for Voluntary Dismissal on December 18, 2023. *Id.* at ECF No. 349. The Court granted Haysbert's Motion for Voluntary Dismissal in January 2024 on the condition that if Haysbert re-filed her Complaint the case would be procedurally in the same posture as the previous case. *Id.* at ECF No. 357. The Court's Order explicitly stated that "[i]f Plaintiff chooses to refile this case, the parties may not engage in

additional discovery. . . [t]he parties are therefore limited, for example, to the expert designations . . . and exhibits disclosed." *Id.* Haysbert re-filed her Complaint on June 11, 2024. ECF No. 1.[1]

The Court conducted an Initial Pretrial Conference in September 2024 and set trial to begin on February 25, 2025. ECF No. 19. In the Court's Scheduling Order, it again noted that additional discovery was not permitted and that the matter was "procedurally in the same position" as the previous case. ECF No. 22. On December 16, 2024, the parties filed various updated and renewed motions *in limine* and trial briefs, *see* ECF Nos. 27–33, and on January 9, 2025, a proposed final pretrial order containing witness and exhibit lists. ECF No. 34. On January 10, 2025, Haysbert emailed a supplemental expert designation ("2024 Evaluation Report") for Dr. Filler to Defendant Outback Steakhouse of Florida, LLC ("Outback") and the Court. *See* ECF No. 36-2 at 2–3. This supplemental report, dated January 3, 2024, disclosed that Haysbert was evaluated in a telemedicine examination by Dr. Filler over one year prior to the disclosure. *Id.*; *see also* Mem. Supp. at 3.[2] The report, titled New Patient Evaluation, contains a summary of historical information provided by Haysbert, reports on Haysbert's completion of questionnaires or testing, summarizes Dr. Filler's review of newly received records, and ends with Dr. Filler's impression and medical plan.[3] In addition, the report concludes with the opinion, among others, that "[i]t is my impression to a reasonable degree of medical certainty that the fall that she suffered on May 23, 2028, was due to extrinsic factors such as she described a slipperiness on the floor and that it

---

[1] Haysbert proceeded *pro se* until September 9, 2024. *See Haysbert v. Bloomin' Brands, et al.*, 4:20-cv-121 at ECF No. 333; *see also* ECF No. 16 (noting the appearance of current counsel).

[2] Haysbert also provided a supplemental expert report for a second expert witness, Mr. Avrit, that was dated January 10, 2025, but prepared on February 8, 2024. FPTC Tr. 37: 3–38:9, ECF No. 39.

[3] The report was not filed in the docket, however, the Court received a copy of it via e-mail and has reviewed it in its entirety.

did cause sufficient impact to have produced post concussive symptoms." Haysbert's counsel represents that she received a copy of the 2024 Evaluation Report only five (5) days before providing it to the Court and Outback. Mem. Supp. at 3; *see* FPTC Tr. 32:8–14, ECF No. 39.

Following this supplementation, Outback sought to exclude Dr. Filler's testimony, initially pursuant to a motion *in limine* and then in a Notice filed after receipt of the 2024 Evaluation Report. ECF Nos. 32, 36. At the Final Pretrial Conference, the Court orally excluded Dr. Filler as a trial witness under Federal Rule of Civil Procedure 37. FPTC Tr. 70:12–24; *see also* ECF Nos. 41, 42. Haysbert has now filed a Motion to reconsider under Federal Rule of Civil Procedure 54(b). Mot. at 2. Outback has responded to Haysbert's Motion, Resp., ECF No. 45, and Haysbert replied. Reply, ECF No. 46. For the reasons stated below, Haysbert's Motion, ECF No. 43, is DENIED.

## II. LEGAL STANDARD

Haysbert moves under Federal Rule of Civil Procedure 54(b) in requesting that the Court reconsider its Order excluding Dr. Filler. Federal Rule of Civil Procedure 54(b) provides that:

> [A]ny order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). A "court may revise an interlocutory order" where there has been: "(1) a subsequent trial producing substantially different evidence, (2) a change in applicable law, or (3) clear error causing manifest injustice." *U.S. Tobacco Cooperative Inc. v. Big S. Wholesale of Va., LLC*, 899 F.3d 236, 257 (4th Cir. 2018) (citation omitted). Here, Haysbert argues that the Court's order will cause manifest injustice—arguing that "if such sanctions are not modified, they will work a manifest injustice and will functionally deprive Plaintiff of fundamental due process and her right to bring her claims to the Court and jury for adjudication on the merits." Mot. at 2. "A prior decision does not qualify [as clear error causing manifest injustice] by being just maybe or

3

probably wrong; it must" be wrong "with the force of a five-week-old, unrefrigerated dead fish. It must be dead wrong." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (cleaned up).

### III. DISCUSSION

The Court excluded Dr. Filler under Federal Rule of Civil Procedure 37(c)(1) for Haysbert's failure to timely supplement Dr. Filler's expert report.[4] Under Rule 26(e), a party that has disclosed an expert "must supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect." Fed. R. Civ. P. 26(e). Rule 37 provides that "[i]f a party fails to" supplement under Rule 26(e), "the party is not allowed to use that information or witness to supply evidence . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1)(C). In addition, the Court "may impose other appropriate sanctions" or an alternative sanction. Fed. R. Civ. P. 37(c)(1)(C). Rule 37 grants the Court vast discretion in selecting an appropriate sanction in a particular case. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). In determining the appropriate sanctions under Rule 37, the Fourth Circuit has directed that a district court should consider: (1) whether the potentially sanctionable party engaged in bad faith; (2) "the amount of prejudice that noncompliance caused the adversary"; (3) the need for deterrence from noncompliance; and (4) whether less drastic sanctions would have been effective. *Anderson v. Found. for Advancement, Educ. & Emp. of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998).

Here, the Court found that the exclusion of Dr. Filler was warranted given the egregiously untimely supplementation, particularly in light of the history of the case. As outlined above, the supplemental report was provided to the Court and Outback on the eve of the Final Pretrial

---

[4] Defendant argues that Haysbert's supplementation violated the Court's Voluntary Dismissal Order. Although this point was argued extensively in the briefing, the Court does not address it here as the Court ultimately sanctioned Haysbert for failure to timely supplement.

4

Conference—nearly a year after the report was completed. FPTC Tr. 31:21–38:14, ECF No. 39. Haysbert argues that the complexity of this case's procedural history as well as her previous *pro se* status should mitigate any sanction for the failure to timely supplement. Mem. Supp. at 6–10. The Court is unconvinced. Haysbert surely was aware of the additional report given her attendance at the evaluation. And importantly, contrary to Haysbert's argument that the report was simply a new patient report wholly unrelated to the pending litigation, *see id.* at 7–8, the report reflects Dr. Filler's consideration of new records, new testing, and the drawing of new opinions related to causation. Haysbert, who ably represented herself for a period of months and was present at the first trial and numerous hearings thereafter, surely must have recognized the importance of this additional information. She was also aware of her obligation to comply with this Court's local rules as well as the federal rules of civil procedure and her *pro se* status did not excuse her from compliance. *See Spanos v. Vick*, 576 F. Supp. 3d 361, 366 (E.D. Va. 2021); *see Haysbert v. Bloomin' Brands, et al.*, No. 4:20-cv-121 at ECF Nos. 338, 339 at 5. And yet, many months and numerous events passed—including the re-filing of the Complaint (June 2024); Initial Pretrial Conference (September 2024); filing of updated motions *in limine*, including several related to Dr. Filler (December 2024); and filing of a proposed final pretrial order (January 2025)—without Haysbert advising Outback or the Court of the supplement. *See* ECF Nos. 1, 19, 30, 32, 34. Such conduct requires the sanction imposed here.

      The Court also relied on the history of the case. This most recent failure to comply with discovery obligations followed a string of previous issues concerning discovery by Haysbert. *See, e.g.*, *Haysbert v. Bloomin' Brands et al.*, No. 4:20-cv-121 at ECF No. 168 (noting Haysbert's repeated motions for unwarranted discovery extensions); ECF No. 315 at 8 (discussing the failure to issue subpoenas to multiple witnesses); ECF No. 379 at 28–29 (same); FPTC Tr. 37: 3–38:9

(discussing a second untimely supplement submitted for Mr. Avrit). Under these circumstances, simply excluding the improperly obtained evidence would be unlikely to disincentivize future noncompliance. Rather, factors three and four of the *Anderson* test compelled the exclusion of Dr. Filler. Haysbert offers the alternatives of excluding only the supplemental report or allowing Haysbert to read in Dr. Filler's previous testimony—the Court finds that neither of these alternatives would effectively deter Haysbert or others from future noncompliance. Mem. Supp. at 13; *see Anderson*, 155 F.3d at 505 (finding that the sanction was warranted "both as a deterrent and as a last-resort sanction following [the sanctioned party's] continued disregard of prior warnings").

Although Haysbert acknowledges that the *Anderson* test applies here, she nevertheless argues that exclusion of Dr. Filler was not permitted under Rule 37 and that the Court erred in applying the *Anderson* factors. Mem. Supp. at 4–6, 12–13. Haysbert, citing *Southern States Rack and Fixture, Inc. v. Sherwin Williams Co.*, argues that a sanction beyond exclusion of the supplemental report is prohibited as the Fourth Circuit has limited additional sanctions to situations where a party failed to disclose information "helpful" to the other party. 318 F.3d 592, 595 n.2 (4th Cir. 2003); *see* Mem. Supp. at 6. This argument is unavailing.

The language that Haysbert references does not establish that the Court is without discretion to impose sanctions beyond exclusion of the noncompliant supplement. As the Fourth Circuit has made clear, the Court retains vast discretion to impose sanctions of its choice under Rule 37. *Id.* at 595 ("We give particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1).") (citation omitted). The language relied on by Haysbert in *Southern States* merely noted that additional sanctions may be especially appropriate (i.e. "primarily intended") in scenarios where information not disclosed was "helpful to an *opposing*

6

party." *S. States Rack & Fixture, Inc.*, 318 F.3d at 595 n.2. The Fourth Circuit further noted that the policy driving additional sanctions for nondisclosure of evidence was the need to ensure ongoing compliance with the rules. *Id.* at 595 n.2. Such was the case here as the exclusion of Dr. Filler was warranted to properly incentivize future compliance with the rules.

Additionally, Haysbert's arguments concerning the application of the *Anderson* test fail to necessitate reconsideration. The Court sees no error in its application of the test or of Rule 37—accordingly, as there has been no clear error causing manifest injustice, the Court declines to reconsider its Order excluding Dr. Filler as a witness in the upcoming trial. *U.S. Tobacco Cooperative Inc*, 899 F.3d at 257 (citation omitted).

### III. CONCLUSION

For the reasons stated above, the Court declines to reconsider its Order excluding Dr. Filler as a witness in the upcoming trial, finding that such a sanction was warranted and that no clear error causing manifest injustice existed. Accordingly, Haysbert's Motion for Reconsideration, ECF No. 43, is DENIED.

The Clerk is DIRECTED to send an electronic copy of this Order to all counsel of record.

IT IS SO ORDERED.

/s/
Elizabeth W. Hanes
United States District Judge

Newport News, Virginia
Date: February 19, 2025

7