IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**(Newport News Division)**

| | |
|---|---|
| JOANN WRIGHT HAYSBERT, <br><br> Plaintiff, <br><br> v. <br><br> OUTBACK STEAKHOUSE OF FLORIDA, LLC, et al. <br><br> Defendants. | Case No.: 4:24-cv-00087-EWH-RJK |

**DEFENDANTS' SUPPLEMENTAL OBJECTIONS TO PLAINTIFF'S
DEMONSTRATIVE EXHIBIT LABELLED BRAIN MAP V-2**

COME NOW, the Defendants, Outback Steakhouse of Florida, LLC and Bloomin' Brands, Inc., by counsel, and hereby provide Supplemental Objections to Plaintiff's Demonstrative Exhibit Labelled Brain Map V-2, and in support thereof state the following:

Plaintiff's proposed demonstrative animation of a brain depicted with physical injuries titled "Joann Haysbert Brain Map," which states "regions of injury and related deficits" throughout lacks foundation and is an improper, misleading demonstrative.

The use of demonstrative exhibits assumes a proper foundation is laid to provide relevant information to the jury. *Seidmen v. Am. Family Mutual Ins. Co.*, No. 14-cv-3193, 2016 U.S. Dist. LEXIS 193131 at *12 (D. Colo. May 26, 2016) (citing *Sanchez v. Denver & Rio Grande W.R.R.*, 538 F.2d 304, 306 (10th Cir. 1976)). To assess foundation in this context, courts consider whether the proffered demonstrative exhibit "fairly and accurately summarize[s] previously admitted competent evidence." *Seidmen v. Am. Family Mutual Ins. Co.*, No. 14-cv-3193, 2016 U.S. Dist. LEXIS 193131 at *12 (D. Colo. May 26, 2016) (citing *Wilson v. United States*, 350 F.2d 901, 907

(10th Cir. 1965)). Stated another way, "Demonstrative proof has only a secondary or derivative function at trial: it serves only to explain or clarify other previously introduced, relevant substantive evidence." *Baugh ex rel. Baugh v. Cuprum S.A. de C.V.*, 730 F.3d 701, 707 (7th Cir. 2013). The animation does not explain or clarify substantive evidence because Plaintiff cannot present sufficient evidence to support its assertions. One example of this is that Dr. Haider has not opined that Plaintiff's brain has physical discoloration or damage, yet Plaintiff's proposed demonstrative contains a rotating image of a brain from 00:37-01:00 depicting a brain with physical discoloration and damage. The unfairly prejudicial imagery and titles throughout the animation couched as a demonstrative exhibit should be excluded from trial. They are not only entirely misleading, they lack the necessary foundation to be shown to a jury.

*Courts v. Wiggins*, 2018 U.S. Dist. LEXIS 235840 (W.D. Va. February 1, 2018) is a factually comparable case in the Western District of Virginia where the court excluded similar misleading elements of demonstrative exhibits. A PowerPoint depicting neural pathways in the brain was excluded to the extent that it concerned medical conditions without sufficient evidence that they were experienced by the Plaintiff. *Id*. at *6. Plaintiff's medical expert was only allowed to use the demonstratives to explain his opinions at trial to the extent that they were consistent with the trial evidence as to Plaintiff's symptoms. *Id*. The court also excluded the case name appearing throughout the video because it was an animation, not a depiction of plaintiff's brain. *Id*. at *5-6. In this case, Plaintiff was ordered to undergo neuropsychological testing by Dr. Haider to verify the presence of any cognitive function difficulties. That was never performed. Additionally, by its labeling and imagery, the proposed demonstrative purports to be a rendering of Plaintiff's brain and the alleged damage it sustained, which it is not. This proposed demonstrative exhibit is improper, misleading, lacks foundation, and should be excluded at trial.

                                  **OUTBACK STEAKHOUSE OF FLORIDA, LLC and BLOOMIN' BRANDS, INC.**
                                  By Counsel

McGAVIN, BOYCE, BARDOT,
  THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, VA 22030
Telephone:    (703) 385-1000
Facsimile:    (703) 385-1555

    */s/ William W. Miller*
John D. McGavin (VSB 21794)
Emily K. Blake (VSB 90562)
William W. Miller (VSB 97125)
jmcgavin@mbbtklaw.com
eblake@mbbtklaw.com
wmiller@mbbtklaw.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that on February 21, 2025 the foregoing was e-filed and served upon counsel of record:

        Mary T. Morgan, Esq.
        PARKER POLLARD WILTON & PEADEN
        4646 Princess Anne Road, Unit 104
        Virginia Beach, Virginia 23462
         Telephone: (757) 384-3166
        Facsimile: (866) 212-1310
        Email: mmorgan@parkerpollard.com
        *Counsel for Plaintiff*

                                                  */s/ William W. Miller*
                                                  William W. Miller