UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

| | |
|---|---|
| JOANN WRIGHT HAYSBERT    )<br>             )<br>     Plaintiff,    )<br>v.              )<br>             )   Case No.: 4:24-cv-00087<br>OUTBACK STEAHOUSE OF    )<br>FLORIDA, LLC        )<br>             )<br>     Defendant.    )<br>             ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO CORRECT, MODIFY, OR SUPPLEMENT THE RECORD ON APPEAL**

COMES NOW, that the Defendant, Outback Steakhouse of Florida, LLC, by counsel, states the following in Opposition to ECF 77, Plaintiff's Motion to Correct, Modify, or Supplement the Record on Appeal:

**I.    INTRODUCTION**

Plaintiff is asking this court to incorporate *the entire* record from *Haysbert I* into *Haysbert II* simply because everyone had access to *Haysbert I* while *Haysbert II* was pending. Federal Rule of Appellate Procedure 10(e) does not apply because the record already discloses what occurred in the District Court. Anytime this Court or the parties relied upon a document from *Haysbert I*, it was cited to in the pleading or order. It would be completely unnecessary and prejudicial for the entire *Haysbert I* record to be incorporated, considering there are 387 docket filings, the majority of which were never at issue in *Haysbert II*. Defendant has already agreed to stipulate to supplement the record on appeal with any and all pleadings that were either relied upon by this Court or by the parties in their motions related to Dr. Filler. The relief sought by Plaintiff is overbroad and, thus, should be denied.

1

## II.     ARGUMENT

Federal Rule of Appellate Procedure 10(a) states that the following will constitute the record on appeal: "(1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk." The record can only be corrected if "(1) if any difference arises as to what actually occurred before it, or (2) if anything material to either party is omitted from the record by error or accident." *Thomas v. Lodge No. 2461 of Dist. Lodge 74 of the Int'l Ass'n of Machinists & Aero. Workers*, 348 F. Supp. 2d 708, 710 (E.D. Va. 2004) (quoting *Himler v. Comprehensive Care Corp., W.,* 790 F. Supp. 114, 115 (E.D. Va. 1992)). "While 'omission by error' can serve as a basis for supplementing the record, there must be a showing that the documents are 'material' as well as some explanation that excuses that omission." *Linlor v. Polson*, Civil Action No. 1:17-cv-0013 (AJT/JFA), 2018 U.S. Dist. LEXIS 234116, at *2-3 (E.D. Va. Apr. 6, 2018) (citing Fed. R. App. P. 10(e)(2)). The Fourth Circuit reviews a trial court's decision to supplement the record under an abuse of discretion standard. *Rohrbough v. Wyeth Labs., Inc.*, 916 F.2d 970, 973 n.8 (4th Cir. 1990) (citing *Samuels v. Wilder*, 871 F.2d 1346, 1354 (7th Cir. 1989)).

While Plaintiff cites and relies upon Federal Rule of Civil Procedure 10(e)(2), Plaintiff has not explained how any document was omitted from the record by *error* or *accident* or how the entirety of *Haysbert I*'s record is "material" to her. Further, as both the parties and this Court always cited to the filings from *Haysbert I* upon which they were relying, Plaintiff has not explained why the entirety of the *Haysbert I* record is necessary to correct a 'difference' under Federal Rule of Civil Procedure 10(e)(1). If this Court did not view or otherwise rely upon a particular document, "[a]dding [such documents] to the appellate record would distort the perception of the events precipitating [Plaintiff's] appeal and frustrate the purpose of Rule 10(e)."

*United States ex rel. Carter v. Halliburton Co.*, 1:11-cv-602 (JCC/JFA), 2016 U.S. Dist. LEXIS 68726, at *9 (E.D. Va. May 25, 2016) (citing *In re Complaint of Robbins Mar.*, 162 F.R.D. 502, 504 (E.D. Va. 1995) and *Thomas*, 348 F. Supp. 2d at 710).

Plaintiff recognizes that Fourth Circuit precedent requires that the materials sought to be added to the record must have been "considered by the district court," ECF 77, Pl. Memo. p. 5, however this Court did not consider or rely upon every single docket entry filed in *Haysbert I*. Plaintiff's memorandum reflects that any time a specific order or pleading was considered by this Court, it was appropriately cited. This is why, relating to the exclusion of Dr. Filler, undersigned counsel stipulated to supplement the record in *Haysbert II* with orders and pleadings from *Haysbert I* that were explicitly relied upon either by the parties in their filings or by the court in its order. Ex. A, Joint Stipulation to Correct the Record on Appeal (attachments excluded).

Plaintiff then argues that the Voluntary Dismissal Order's language permits inclusion of the entirety of *Haysbert I*'s record. However, this misstates the Voluntary Dismissal Order's language, intent, purpose, and context. The specific language from the Voluntary Dismissal Order is: "If the case is refiled, all existing <u>pretrial</u> determinations will be maintained. In other words, if the case is refiled, it will be <u>procedurally</u> in the same position as the instant case." Ex. B, *Haysbert I*, ECF 357 (emphasis added).

The docket of *Haysbert I* contains, as of March 19, 2025, 387 docket filings. Every single motion, notice, minute order, or pleading is not a "pretrial determination."

Plaintiff's appellate counsel submits that it is necessary for the entire *Haysbert I* docket to be provided to the Court of Appeals because "it will be impossible for the Court of Appeals to understand what happened in the district court or for Plaintiff to explain why she believes the district court erred." ECF 77, Pl. Mot. Ex. A at ¶ 3. Plaintiff's appellate counsel then specifically

3

points to making sure the Court of Appeals understands what this Court relied upon in excluding Dr. Filler. ECF 77, Pl. Mot. Ex. A at ¶ 4. However, as stated above, these documents were already stipulated to and the Court of Appeals has already confirmed that the appellate record will be stipulated with those documents. Ex. C, Order Granting Stipulation.

Plaintiff's appellate counsel then argues that the *entirety* of Haysbert I's record is necessary for the Court of Appeals to determine if it has jurisdiction over Nazareth Haysbert's appeal as to the revocation of his *pro hac vice*. ECF 77, Pl. Mot. Ex. A at ¶ 5. However, Nazareth Haysbert already filed a Motion to Intervene on June 9, 2025, wherein he attached 29 exhibits, 10 of which were from *Haysbert I*. It is unclear what else is meant by Plaintiff's appellate counsel's statement that the records are necessary to understand the relationship between the proceedings in *Haysbert I* and *Haysbert II*.

Thus, it was Plaintiff's obligation, as the moving party, to clearly set forth what records she sought to incorporate into *Haysbert II* and provide the reasons why those records should be incorporated. Instead, Plaintiff has asked for the entire docket filings of *Haysbert I* to be incorporated into *Haysbert II*.

### III.   CONCLUSION

WHEREFORE, the Defendant, Outback Steakhouse of Florida, LLC, moves this Court for entry of an order denying Plaintiff's Motion to Correct, Modify, or supplement the record on appeal.

**OUTBACK STEAKHOUSE
OF FLORIDA, LLC**
By Counsel

McGAVIN, BOYCE, BARDOT,
 THORSEN & KATZ, P.C.

   */s/ Emily K. Blake*
John D. McGavin (VSB 21794)
Emily K. Blake (VSB 90562)
William W. Miller (VSB 97125)
9990 Fairfax Boulevard, Suite 400
Fairfax, VA 22030
Telephone:   (703) 385-1000
Facsimile:   (703) 385-1555
jmcgavin@mbbtklaw.com
eblake@mbbtklaw.com
wmiller@mbbtklaw.com
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

     I hereby certify that on 23rd day of June, 2025, a true and accurate copy of the foregoing was mailed and sent via the CM/ECF system and served upon:

     Joan Wright Haysbert
     244 William R. Harvey Way
     Hampton, Virginia 23669
     *pro se Plaintiff*

                                                            /s/ *Emily K. Blake*
                                                            Emily K. Blake (VSB 90562)