UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

JOANN WRIGHT HAYSBERT )
)
Plaintiff, )
v. )
) Case No.: 4:24-cv-00087
OUTBACK STEAHOUSE OF )
FLORIDA, LLC )
)
Defendant. )
)

**DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION TO PLAINTIFF'S MOTION TO CORRECT, MODIFY, OR SUPPLEMENT THE RECORD ON APPEAL**

COMES NOW, that the Defendant, Outback Steakhouse of Florida, LLC, by counsel, pursuant to Federal Rule of Civil Procedure 6(b) and requests an extension of time to file an opposition to Plaintiff's Motion to Correct, Modify, or Supplement the Record on Appeal, and states as follow in support:

1. Plaintiff filed her Motion by mailing and it was received and docketed by the clerk's office on June 5, 2025. ECF 77.

2. Defendant's response was due Friday, June 20, 2025, as June 19, 2025 is a federal holiday.

3. Defendant filed its Opposition the following business day, Monday, June 23, 2025. ECF 78.

4. In full transparency, undersigned mis-calendared the deadline and believed the opposition was due Monday, June 23, 2025.

5. Adding to the misconception of the incorrect date, on Friday, June 20, 2025 undersigned reviewed a motion drafted by Plaintiff's appellate counsel to extend the time for the

appellate briefs, which also stated that Defendant's deadline to file an opposition was Monday, June 23, 2025.

6. Undersigned obviously should have calculated the correct deadline in the first instance and not have also relied upon Plaintiff's appellate counsel to correctly calculate a deadline that applied to Defendant.

7. However, there is no prejudice to Plaintiff due to the delay in filing an Opposition.

8. Plaintiff's motion and affidavit show that Plaintiff expected Defendant to oppose her Motion, as counsel for the parties in the appeal already agreed to jointly stipulate to certain pleadings from *Haysbert I* were incorporated into *Haysbert II*. *See* ECF 77, Pl. Mot. Ex. A ¶ 2.

9. If a motion to extend time is filed after the time has expired, a party must show both good cause and excusable neglect. Fed. R. Civ. P. 6(b)(2).

10. "However, Rule 6(b) 'gives the court extensive flexibility to modify the fixed time periods found throughout the rules, whether the enlargement is sought before or after the actual termination of the allotted time.'" *Chamblee v. Old Dominion Sec. Co., L.L.C.*, Civil Action No. 3:13-cv-820, 2014 U.S. Dist. LEXIS 50726, at *7 (E.D. Va. Apr. 10, 2014) (quoting 4A C. Wright & A. Miller, Federal Practice and Procedure § 1165, p. 475 (2d ed. 1987)) (granting motion to extend time when motion to dismiss was filed five days late); *see also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 905 n.7 (1990) (quoting same).

11. A trial court should consider four factors in determining whether there has been excusable neglect: "(1) the danger of prejudice to the adverse party; (2) the length of the delay; (3) whether the delay was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Id.* at *7-8 (citing *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

12. “Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute ‘excusable’ neglect, it is clear that ‘excusable neglect’ under Rule 6(b) is a somewhat ‘elastic concept’ and is not limited strictly to omissions caused by circumstances beyond the control of the movant.” *Pioneer Inv. Servs.*, 507 U.S. at 392 (stating the analysis is “at bottom an equitable one”).

13. Here, there is no discernable prejudice to Plaintiff, the length of the delay was very short, and the delay was not made in bad faith. While the delay was within the reasonable control of the movant, upon realizing her error, undersigned quickly filed a motion to extend time.

WHEREFORE, for the foregoing reasons, Defendant, Outback Steakhouse of Florida, LLC, respectfully requests that this Court grant its motion and extend the time for it to file an Opposition to Plaintiff’s Motion to Correct, Modify, or Supplement the Record on Appeal until June 23, 2025, and deem the Opposition timely filed, and for all other relief the court deems just.

**OUTBACK STEAKHOUSE**
**OF FLORIDA, LLC**
By Counsel

McGAVIN, BOYCE, BARDOT,
THORSEN & KATZ, P.C.

*/s/ Emily K. Blake*
John D. McGavin (VSB 21794)
Emily K. Blake (VSB 90562)
William W. Miller (VSB 97125)
9990 Fairfax Boulevard, Suite 400
Fairfax, VA 22030
Telephone: (703) 385-1000
Facsimile: (703) 385-1555
jmcgavin@mbbtklaw.com
eblake@mbbtklaw.com
wmiller@mbbtklaw.com
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on 24th day of June, 2025, a true and accurate copy of the foregoing was mailed and sent via the CM/ECF system and served upon:

Joan Wright Haysbert
244 William R. Harvey Way
Hampton, Virginia 23669
*pro se Plaintiff*

/s/ *Emily K. Blake*
Emily K. Blake (VSB 90562)