UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

| | |
|---|---|
| JOANN WRIGHT HAYSBERT, | ) |
| | ) |
| Plaintiff, | ) Case No. 4:24-cv-00087 |
| | ) |
| v. | ) |
| | ) |
| OUTBACK STEAKHOUSE OF FLORIDA, LLC, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO
CORRECT, MODIFY, OR SUPPLEMENT THE RECORD ON APPEAL**

Perhaps the most important aspect of Defendant's Opposition ("Opposition" or "Opp.") to Plaintiff's Motion to Correct, Modify, or Supplement the Record on Appeal ("Motion" or "Mot.") is its demonstration of the narrowness of the parties' disagreement. Defendant acknowledges, if not quite explicitly, that the record may properly be corrected to include any extra-record materials actually considered or relied upon by the district court. *See* Opp. at 2-4; *see also id.* at 1 (describing "the relief sought by Plaintiff" as "overbroad"). Defendant also appears to acknowledge that the Court considered or relied upon any materials from *Haysbert I* that were cited by a party or the Court in the course of *Haysbert II*. *See id.* at 2. Accordingly, at a minimum, the Court should grant Plaintiff's Motion to the extent that it seeks to supplement the record with any items from *Haysbert I* that were cited by a party or the Court in *Haysbert II*, as Defendant does not appear to object to that relief.

Where the parties disagree concerns supplementation of the record with materials from *Haysbert I* that were not directly cited by the parties or the Court in *Haysbert II*. As Plaintiff

explained in her motion, even if not every docket entry from *Haysbert I* was expressly cited during *Haysbert II*, both the parties and the Court "treated the entirety of the proceedings in *Haysbert I* as if they were part of the record before the Court in *Haysbert II*." Mot at. 9; *see also id.* at 6-10 & nn.5-6.

In particular, Plaintiff pointed to the Court's *sua sponte* August 28, 2024 order to show cause in response to Defendant Bloomin' Brands' July 24, 2024 motion to dismiss the cause of action against it, in which the Court noted that "Defendant Bloomin' Brands, Inc. never moved to be dismissed from the original case." *See* Mot. at 9-10 (quoting ECF No. 14). The Court, however, could not have made such a statement unless it had the record from *Haysbert I* in its possession, and had reviewed the entire record to determine that it did not include a motion to dismiss on the part of Bloomin' Brands, Inc.—in order words, unless it had considered the entire record from *Haysbert I*.

The Court also could not have made such a statement if, as Defendant submits, *see* Opp. at 3, only *Haysbert I*'s "pretrial determinations," narrowly construed, were adopted in the refiled case. But the relevant condition attached to the voluntary dismissal of *Haysbert I* did not only adopt the pretrial determinations from *Haysbert I*, but its entire procedural history. *See Haysbert I*, ECF No. 357 at 2 (providing that "if the case is refiled, it will be procedurally in the same position as the instant case").[1]

---

[1] Prior to this appeal, Defendant did not take such a restrictive view of what this condition meant. In addition to making repeated references to the events of *Haysbert I* in its arguments, *see, e.g.*, Mot. at 6-9, Defendant even sought to tax costs from *Haysbert I* following the entry of judgment in *Haysbert II*. *See* ECF No. 67 at 1-2 (requesting witness fees from "Trial 2023"); ECF No. 67-1 at 7-26, 28-39, 54-65 (itemizing costs incurred in *Haysbert I*).

Additional instances in which the Court referenced materials from *Haysbert I* that had not been cited by the parties, *see, e.g.*, Mot. at 6-7, 10 n.6 (describing ECF Nos. 22, 41); ECF No. 50 at 1-2, 5 (citing *Haysbert I*, ECF Nos. 321, 367, 369), further demonstrate that the Court had possession of, as well as familiarity with, the entire record from *Haysbert I*, treated it as part of the record in *Haysbert II*, and considered it in the course of making its decisions.

Perhaps most tellingly, the Court reached back into the record from *Haysbert I* to support its order imposing sanctions on Plaintiff to failing to timely supplement Dr. Filler's expert report, pointing to motions for discovery extensions and issues concerning subpoenas—all of which it described as "the history of the case." *See* ECF No. 52 at 5 (citing *Haysbert I*, ECF Nos. 168, 315, 379). Even if the Court only cited to three items from the *Haysbert I* record, it self-evidently must have considered that history more broadly in order to reach its conclusion.

This example also further illustrates why, contrary to Defendant, *see* Opp. at 2-4, *but see* Declaration of Judah J. Ariel in Support of Plaintiff's Motion ("Ariel Decl.") ¶¶ 3-5,[2] the entire record is necessary to "truly disclose[] what occurred in the district court" under Federal Rule of Civil Procedure 10(e)(1). While the Court cited to Judge Miller's, Judge Smith's, and its own descriptions of events during *Haysbert I*, disclosing "what occurred in the district court" requires inclusion of the filings and transcripts on which those opinions were based and other documents that would provide necessary context. That is, if the Court relied on "the history of the case,"

---

[2] Defendant slightly misstates the issue described in the Ariel Declaration as " jurisdiction over Nazareth Haysbert's appeal as to the revocation of his *pro hac vice* status," *see* Opp. at 4, when it actually referred to both jurisdictional and substantive issues in "Plaintiff's appeal" of the order disqualifying her former counsel, *see* Ariel Decl. ¶ 5, for which Federal Rule of Appellate Procedure 27(a)(2)(B) does not authorize the submission of extra-record evidence in accompanying documents.

including *Haysbert I*, to reach its conclusion, then Plaintiff should be able to reference the same universe of documents setting out that history as was available to the Court. For this reason, as well as because it concerns only one motion related to only one of the issues in the appeal, Defendant's stipulation to include in the record thirteen documents expressly cited in the papers on Plaintiff's motion for reconsideration of the exclusion of Dr. Filler is an inadequate substitute.[3]

Obviously, this is not to say that Plaintiff's appellate brief will reference each and every docket entry in *Haysbert II*. But only the inclusion of entire record will disclose the entirety of "what occurred in the district court" and enable both Plaintiff and Defendant to reference any of that history which is germane to their arguments. Indeed, as things currently stand, it will even be difficult, if not impossible, for Plaintiff to draft the procedural history section of her brief in a way that will be understandable to anyone without a pre-existing familiarity with the proceedings in this Court.

As the Court has explained, the conditions it imposed on the voluntary dismissal of *Haysbert I* were "to ensure that, if refiled, the case would be procedurally in the same place it had been when Plaintiff moved for a voluntary dismissal." *Haysbert I*, ECF No. 365 at 4. Although the Court did not reference the record on appeal, there is no indication that the Court intended to place the parties on a different footing than they would have been had Plaintiff proceeded to trial instead of voluntarily dismissing her case only as to this one procedural issue. *Cf. id.* (removing a

---

[3] An review of nine additional docket entries from *Haysbert II* (ECF Nos. 14, 17, 22, 29, 31, 36-1, 40, 41, and 50) reveals the parties and the Court expressly citing to an additional 48 documents from *Haysbert I*, namely ECF Nos. 1, 13, 14, 21, 27, 41, 93, 126, 168, 195, 196, 219, 220, 234, 235, 236, 238, 239, 243, 248, 249, 250, 251, 252, 273, 278, 279, 280, 281, 282, 286, 290, 298, 300, 301, 302, 318/291, 319/295, 320/307, 321/308, 326, 327, 333, 355, 356, 363, 365, 367. (The numbers separated with a slash refer to two different entries for the same trial transcript.)

condition excluding certain experts because "had Plaintiff proceeded to trial instead of dismissing her case, she would not necessarily have been precluded from calling those expert witnesses").

The crux of the matter, however, is this: the Court knows the conditions it imposed on the voluntary dismissal of *Haysbert I* and what they meant. The Court also knows whether it treated the entire record from *Haysbert I* as part of the history in this case and whether it considered that record to be available to it as it presided over the proceedings in *Haysbert II*. If the Court genuinely considered those materials as if they were from an unrelated proceeding, it should grant this motion only with respect to items actually cited in *Haysbert II*.[4] Otherwise, the Court should grant the entirety of the relief requested by Plaintiff and make the whole record from *Haysbert I* part of the record on appeal.

Accordingly, for the foregoing reasons, as well as those set out in Plaintiff's Motion, the Court should grant Plaintiff's Motion without a hearing, *see* Loc. Civ. R. 7(J), and order that the record on appeal be corrected, modified, or supplemented to include the record from *Haysbert I*.

DATED: June 30, 2025                     Respectfully submitted,

*[signature]*
JOANN WRIGHT HAYSBERT
244 William R. Harvey Way
Hampton, VA 23669
(757) 913-9114

---

[4] If it would assist the Court, Plaintiff can review the record and provide the Court with a complete list of the cited documents.

5

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

| | |
|---|---|
| JOANN WRIGHT HAYSBERT, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:24-cv-00087 |
| ) | |
| v. ) | |
| ) | |
| OUTBACK STEAKHOUSE OF ) | |
| FLORIDA, LLC, ) | |
| ) | |
| Defendant. ) | |

## LOCAL RULE 83.1(M) CERTIFICATION

I declare under penalty of perjury that the following attorney prepared or assisted me in preparation of Plaintiff's Reply in Support of her Motion to Correct, Modify, or Supplement the Record on Appeal:

> Judah J. Ariel
> ARIEL LAW
> 751 Fairmont St. NW #3
> Washington, DC 20001
> (202) 495-1552

Executed on June 30, 2025.

_____
JOANN WRIGHT HAYSBERT

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Plaintiff's Reply in Support of her Motion to Correct, Modify, or Supplement the Record on Appeal, and Local Civil Rule 83.1(M) Certification to be sent by first-class mail, postage pre-paid, on the 30th day of June, 2025, to:

John McGavin
Emily Blake
William Miller
MCGAVIN, BOYCE, BARDOT, THORSEN & KATZ, P.C.
1990 Fairfax Boulevard, Suite 400
Fairfax, VA 22030

*Counsel for Defendant Outback Steakhouse of Florida, LLC*

_____
Judah J. Ariel