IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

JOANN WRIGHT HAYSBERT,

    Plaintiff,

v.                                           Civil Action No. 4:24-cv-87

OUTBACK STEAKHOUSE OF
FLORIDA, LLC,

    Defendant.

## MEMORANDUM ORDER

This matter is before the Court on Joann Haysbert's Motion to Correct, Modify, or Supplement the Record on Appeal. Mot., ECF No. 77. Following a four-day jury trial in which the jury found for the Defendant, Outback Steakhouse of Florida, LLC, ECF No. 62, Haysbert timely appealed. Not., ECF No. 73. That appeal is now pending before the United States Court of Appeals for the Fourth Circuit, and the parties dispute the scope of the record before that court. In her Motion, Haysbert seeks to supplement the record on appeal to include materials filed on the docket in the first iteration of her case, *Haysbert v. Bloomin' Brands, Inc., et al.*, No. 4:20-cv-121 ("*Haysbert I*"). For the reasons set forth below, Haysbert's Motion to Correct, Modify, or Supplement the Record on Appeal, ECF No. 77, is GRANTED.[1]

---

[1] Outback filed its Response in opposition to Haysbert's Motion after the deadline to do so had passed and Haysbert did the same for her Reply. *See* ECF Nos. 78, 80. Both parties filed motions for leave to file out of time. ECF Nos. 79, 80. Subsequently, the parties filed a joint stipulation agreeing that leave to file out of time was appropriate for both briefs. ECF No. 81. Given this stipulation, Haysbert and Outback's Motions, ECF Nos. 79, 80, are GRANTED. The Clerk is DIRECTED to file Haysbert's Reply, ECF No. 80-1, on the docket.

Federal Rule of Appellate Procedure 10(e) allows for the supplementation of the appellate record where "any difference arises about whether the record truly discloses what occurred in the district court" or "anything material to either party is omitted from or misstated in the record by error or accident." Fed. R. App. P. 10(e)(1)–(2). The record on appeal generally includes "the original papers and exhibits filed in the district court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the district clerk." *Id.* at 10(a). "[T]he purpose of Rule 10(e) is not to allow a district court to add to the record on appeal matters that did not occur [before the district court] in the course of the proceedings leading to the judgment under review." *In re Robbins Maritime, Inc.*, 162 F.R.D. 502, 504 (E.D. Va. 1995) (citations omitted). Rather, the Court should supplement only materials that actually were considered by the district court. *See Rohrbough v. Wyeth Lab'ys, Inc.*, 916 F.2d 970, 973 n.8 (4th Cir. 1990). The Fourth Circuit "must review [this Court's] decision on the same record as that before [this Court.]" *Schatz v. Rosenberg*, 943 F.2d 485, 487 n.1 (4th Cir. 1991). The Fourth Circuit's local rules provide that "[d]isputes concerning the accuracy or composition of the record on appeal should be resolved in the trial court in the first instance." 4th Cir. R. 10(d). Accordingly, this Court presents the proper forum for this inquiry.

This case involves an action for negligence arising from a slip-and-fall at an Outback Steakhouse in Chesapeake, Virginia. Following a mistrial and the reassignment of the case to the undersigned, the Court granted Haysbert's motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2), subject to certain conditions. One of those conditions included that any subsequent case would be "procedurally in the same position as the instant case." *Haysbert I*, ECF No. 357 at 2. Haysbert filed a subsequent action, *Haysbert v. Outback Steakhouse of Florida, LLC*, No. 4:24-cv-87 ("*Haysbert II*").

The parties agree that certain items from *Haysbert I* should be included in the appellate record. *See Haysbert v. Outback Steakhouse of Florida LLC*, No. 25-1332 (4th Cir.), ECF Nos. 26, 27. However, the parties disagree as to whether the entirety of the *Haysbert I* docket should be included to properly disclose "what occurred in the district court." Fed. R. App. P. 10(e)(1). While Haysbert seeks to supplement the appellate record with the entirety of *Haysbert I*, Outback contends that such supplementation is overbroad as the "Court did not consider or rely upon every single docket entry filed" therein. Resp. at 3, ECF No. 78.

Outback's disagreement with Haysbert's Motion misses the point. Throughout the proceedings in *Haysbert II*, the Court had access to and reviewed *Haysbert I*'s docket and filings alongside the *Haysbert II* docket. While the Court's orders regularly cited the docket entries the Court considered and relied upon in ruling, the Court's consideration was not limited to only those filings. *See, e.g.*, Mot. at 6–9; Reply at 2–3, ECF No. 80-1 (listing examples). It may well be true that the Court did not rely on each entry filed in *Haysbert I*. A court speaks through its orders; this Court appropriately cited the materials upon which it relied. But the question here is not what materials were relied upon or relevant to the Court's decision. Rather, the issue is what occurred before the Court, and here, the Court considered the *Haysbert I* docket during the pendency of *Haysbert II*. As such, it would only be fair and appropriate for the entirety of the *Haysbert I* docket to be part of the record on appeal. Whether portions of that record are relevant to the appeal or appropriately included in the Joint Appendix before the appellate court are not issues for this Court. *See* Fed. R. App. P. 30(b)(1) (discussing how to handle disputes over the content of the appendix).

Accordingly, supplementation of the entire record of the first iteration of Haysbert's case, *Haysbert v. Bloomin' Brands, Inc., et al.*, No. 4:20-cv-121, is necessary to ensure that the record discloses "what occurred in the district court." Fed. R. App. P. 10(e)(1). Otherwise, the Fourth

3

Circuit will be unable to "review [this Court's] decision on the same record as that before [this Court.]" *Schatz*, 943 F.2d at 487 n.1. Having found that supplementation is needed, Haysbert's Motion to Correct, Modify, or Supplement the Record on Appeal, ECF No. 77, is GRANTED.

The Clerk is DIRECTED to send an electronic copy of this Order to Plaintiff and to all counsel of record.

IT IS SO ORDERED.

/s/
Elizabeth W. Hanes
United States District Judge

Newport News, Virginia
Date: July 16, 2025